This is a child custody case.
The parties were divorced in Jefferson County on November 4, 1977. The divorce decree incorporated an agreement by the parties concerning custody of their two minor children. The agreement provided that the husband have custody of the children for one year from the date of the decree. After this period, the parties were to attempt to agree upon a custody arrangement and if they were unable to agree the matter was to be determined by the court.
On January 27, 1978, the wife filed a petition to modify the custody provisions of the decree so as to give her permanent custody of the children. The trial court's order dated August 11, 1978, continued custody in the husband and allowed the mother the following visitation:
 A. The first weekend of each month from 6:00 P.M. on Friday until 6:00 P.M. the following Sunday.
 B. Each Christmas Day from 3:00 P.M. until 3:00 P.M. on the following New Year's Day.
 C. One month during the summer at a time to be selected by the plaintiff but upon written notice to the defendant at least thirty (30) days in advance of such visitation beginning in 1979. *Page 891 
On December 15, 1978, the wife filed a petition to modify and petition for rule nisi requesting that the court award custody to her and hold the father in contempt for failure to allow visitation for the first weekend of December 1978. The trial court, upon motion by the husband at the end of the wife's evidence, dismissed both petitions, and finding that the petition for rule nisi was filed for the purpose of harassment ordered the wife to pay to the husband $500 for his attorney's fee. The wife appeals from the dismissal of the petitions and the award of attorney's fee.
The only issue presented is whether the trial court abused its discretion in dismissing the wife's petitions and awarding an attorney's fee to the husband.
Considering first the petition to modify, it is appropriate to state at the outset the well-established legal principles which govern our review of the trial court's judgment.
A change of custody must be justified by a change of circumstances since the rendition of the original decree, or by proof of material facts which, though existing at the time of the original decree were undisclosed, and have since been revealed. Smith v. Smith, 334 So.2d 915 (Ala.Civ.App. 1976). The burden is upon the party seeking the modification to show changed circumstances which adversely affect the welfare of the child. Rowe v. Rowe, 45 Ala. App. 367, 231 So.2d 144 (1970). As always, the prevailing consideration is the best interest of the child. Higgins v. Higgins, 336 So.2d 194 (Ala.Civ.App. 1976).
The wife injects argument as to the so-called tender years doctrine. We fail to see its application here. This is a petition seeking modification of a prior judgment granting custody to the father. That judgment was less than a year old at the time of hearing. The only issue was whether there had been a change of circumstances since the last judgment so affecting the best interest of the children as to require the exercise of the court's discretion as to their custody. The court heard the testimony orally and determined it was insufficient to warrant its exercise of discretion. The petition was therefore dismissed. We find that determination not erroneous. Stewart v. Grace, 360 So.2d 1032 (Ala.Civ.App. 1978).
We next consider the trial court's dismissal of the mother's petition for rule nisi. The petition charges that the husband violated the August 11, 1978, order of the trial court in denying her visitation for the first weekend of December 1978. It is undisputed that the visit scheduled for that weekend was not obtained by the mother. However, the evidence was undisputed that the mother did not personally seek to obtain custody, but rather sent her mother and stepfather to the father's home to pick up the children. The father had not been informed of this arrangement. His testimony was that when he asked as to the whereabouts of the mother, the stepfather rejoined that it was none of his "damn" business. The father then refused to permit the children to go. The evidence shows that all prior and subsequent court-ordered visits have been allowed.
The enforcement of its orders is an area particularly within the discretion of the trial court. The father did not violate the letter of the judgment of the court. The court did not find the action of the father contumacious. The factual determination of contempt is a matter peculiarly for the trial court. Robertson v. State, 20 Ala. App. 514, 104 So. 516 (1924). The reviewing court determines if the law has been properly applied to the facts. We find no error. Schotz v. Oliver,361 So.2d 605 (Ala.Civ.App. 1978).
The court's order that the wife pay the husband $500 for an attorney's fee may not stand in this case. The evidence shows the wife to be a housewife. There was no evidence that she had an income or estate from which to pay the husband an attorney fee. Such a fee could only be granted under the alimony statute. Haynes v. Haynes, 360 So.2d 1016 (Ala.Civ.App. 1978). There was no issue of alimony or child support in this case. There was no evidence of inability of the husband to pay *Page 892 
his attorney. The evidence rather showed him to be a professional engineer employed in a responsible position. We are not cited to nor do we know of any authority in the court to assess an attorney fee against a petitioner as a part of costs or as a penalty. An attorney fee may be granted to the successful party in an action only upon authority of statute or contract. City of Montgomery v. Collins, 355 So.2d 1111 (Ala. 1978).
For the same reasons stated above, the husband's request for attorney's fee on appeal is denied. We do not decide whether an attorney could be properly awarded to either party by judgment upon petition for modification of child custody.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
BRADLEY, J., concurs.
HOLMES, J., concurs in the result only.