This is a divorce case.
The parties were married at middle age and lived together for nearly five years. They were granted a divorce for incompatibility. The judgment effected a property settlement. As a part thereof the court included the following:
 Four: As property division, the plaintiff is hereby granted sole right and title to the residence owned by her prior to the marriage upon the payment to defendant of the sum of $2,800 for which a judgment in favor of defendant and against plaintiff is hereby entered.
The legal propriety of this provision of the judgment is the only issue on appeal. We find it erroneous both legally and equitably.
At the time of the marriage of the parties, each owned a home and furnishings. For a short time after marriage, they resided in the home owned by the husband. They later moved to the home owned by the wife. The furnishings owned by the husband were moved into the home of the wife. The husband sold his home and netted $10,000 *Page 305 
from the sale. He deposited $6,000 in a joint bank account with the wife. Certain repairs and improvements were made to the wife's property from the joint account. The amount so used was uncertain; however, the husband stated it came to three thousand or more. The wife subsequently borrowed $8,000 from a bank and made other improvements and additions to the house. She has repaid that indebtedness from her own funds. The evidence disclosed that the wife wrote two checks on the joint account totaling $2,800. She said she did not remember what she did with the cash but assumed it went to pay for improvements to the house. The husband did not state to the contrary.
During the marriage, both parties were employed. The husband made contributions toward food, paid half the utilities and gave the wife gifts and cash from time to time. The wife paid taxes and insurance on her property and paid all other household expenses. A son of the wife by a previous marriage lived part time in the home. Another son of the wife was killed during the marriage. From insurance benefits paid to the wife because of the son's death, the loan for improvements to the house was paid in full by the wife. At the time of trial the wife retained $1,000 from the insurance benefits.
At one time during the marriage, the husband left the home and moved into a motel for some three months. The wife asked him to return to the home and attempt to make the marriage work. The husband demanded that she pay him $1,000 for his expenses while living in the motel. The wife agreed to pay him $500. She paid. He returned. He subsequently sought to borrow $1,000 from her insurance benefits. She refused but loaned him $150 to purchase an automobile body.
Though there is no specific finding in the judgment, in view of the evidence, we conclude the order for payment by the wife of $2,800 to the husband represents repayment of the two checks written from the joint account by the wife and used in improving her home. The order for payment of the sum is indicated in the judgment to be a consideration for the granting of sole title to the home owned by her prior to the marriage. The order presents the anomaly of requiring the wife to pay for title to property which she already owns — property which she owned prior to the marriage.
From a legal view, the order is brought into the purview of §30-2-51, Code of Alabama (1975) (as amended in 1979). That statute is authority for the granting of alimony in a divorce case. Such alimony may be awarded as periodic payments, in a lump sum in gross, by an award of specific property or in a combination of any or all of these methods. Ex parte Thompson,282 Ala. 248, 210 So.2d 808 (1968). The purpose of alimony is to preserve, insofar as possible, the economic status quo of the parties as it existed during the marriage. Orr v. Orr,374 So.2d 895 (Ala.Civ.App.), cert. denied, 374 So.2d 898 (Ala. 1979). Though the statute was made gender neutral by the legislature in 1979, we have said that the award of alimony to the husband, as to the wife, is to be granted only upon a showing of need by one together with the requisite ability to pay by the other. Thompson v. Thompson, 377 So.2d 141
(Ala.Civ.App. 1979). Our examination of the record discloses neither need of the husband for alimony nor an ability of the wife to pay. Each works, with the husband earning almost twice the wages of the wife. Therefore, it clearly appears that the award of the judgment for a sum certain may not reasonably be said to be for maintenance and support. If it is so, there is an abuse of discretion and error.
We conclude that the award of such a specific sum directly assessed against the title of the wife to her home must be intended for the purpose of balancing the accounts or adjusting equities between the parties. We find such an award to be unjust and unfair to the wife under the evidence.
The result of the award is to require the wife to attempt to repay to the husband his investment in a five-year marriage. By his own testimony he contributed less than one-half *Page 306 
of the living expenses of the household during the marriage. Whatever his contribution to the repair or maintenance of the home ($3,000?), it amounted to less than rental for five years. There can be no equity in placing a cloud upon title of the wife to her home which she owned prior to the marriage and in which the husband lived for five years merely because it appears that he spent $2,800 on it during that time. That represents a contribution to the marriage of some $50 per month. According to undisputed evidence the wife has already given in cash to the husband $650 — nearly one-fourth the judgment against her. In addition, the evidence indicates the wife is a waitress, earning a little more than a hundred dollars per week. Her only asset other than her home is a $1,000 savings account remaining from insurance benefits from the death of her son.
We find the court abused its discretion in the provisions of paragraph four of its judgment. The judgment as to paragraph four is reversed and the same is stricken therefrom. The remainder of the judgment is hereby affirmed in all things.
The appellant is granted attorney fees on appeal in the amount of $300.
AFFIRMED IN PART: REVERSED IN PART AND RENDERED.
HOLMES, J., concurs.
BRADLEY, J., concurs in the result.