This is a divorce case.
The trial court after an ore tenus hearing divorced the parties, awarded custody of the two minor children to the wife, required the husband to pay $60 a week in support plus other benefits, and ordered the homeplace sold and the proceeds from the sale equally divided between the parties.
The husband, through able counsel, appeals, contending the trial court erred in requiring the homeplace sold and the proceeds equally divided. We disagree and affirm.
Viewing the record with the attendant presumptions, the following is revealed: The parties were married in December of 1968, and continued to live as husband and wife until they separated in August of 1981. Two children, a boy and a girl, were born of the marriage. The final order of divorce was entered in January of 1982.
The husband has worked at the Goodyear Tire and Rubber plant for about eighteen years. His current take home pay is $126.56 per week. The wife worked sporadically during the marriage at a variety of places.
There was evidence presented which indicated the misconduct of the husband, including both abusive treatment and sexual misconduct, contributed to the divorce.
The house was deeded to the husband about two years prior to the marriage. The husband made the payments on the house during the marriage, and was making payments at the time of the trial. Neither party was living in the house at the time of the trial, and the wife testified she did not intend to return to it because of "bad memories."
The husband appeals, contending that Ala. Code § 30-2-52 (1982 Supp.) was not properly followed, and alternately that the trial court abused its discretion. *Page 873 
The pertinent provisions of § 30-2-51 prohibit the trial court from considering for the purpose of alimony and support any "property acquired prior to the marriage of the parties . . . unless the trial judge finds from the evidence that such property, . . ., has been used regularly for the common benefit of the parties during their marriage." The evidence is uncontradicted that the parties and their children lived in the house for the duration of the marriage. Therefore, since the house was used for "the common benefit of the parties during their marriage," the trial court properly applied § 30-2-51 to the case.
We also note that a division of property in a divorce is a matter within the sound discretion of the trial court, and need not be equal, but it must be equitable. Hudson v. Hudson,391 So.2d 664 (Ala.Civ.App. 1980); 8 Ala. Digest, Divorce, Key No. 286 (5). Considering all the facts in this case, particularly the wife's custody of the two children, we find it equitable to include the husband's house in the property division.
The husband, in next contending the trial court abused its discretion by ordering the proceeds divided equally, relies onMadden v. Madden, 399 So.2d 304 (Ala.Civ.App. 1981). In that case, the wife and husband both owned houses when they married. Shortly after their marriage, they moved into her house, and he sold his. Upon divorce, the trial court awarded the husband $2,800 assessed against the wife's title to the house. Upon appeal, this court held the $2,800 award was unjust and unfair as an attempt to repay the husband for his investment in a five year marriage. Madden v. Madden, supra. The husband, in the instant case, would cite Madden as a case in which § 30-2-51
was improperly applied by the trial court in a situation similar to the instant case. However, neither § 30-2-51 nor title to the house was at issue on appeal in Madden. Aside from the legal distinctions between Madden and the instant case, there were important factual differences, i.e., it was a short marriage, there were no children born of it, and both husband and wife were employed and with separate estates. We therefore conclude Madden has no application to the instant case.
A division of property made by a trial judge after an oretenus hearing is presumed correct and will not be reversed except for a gross abuse of discretion. E.g., Williams v.Williams, 389 So.2d 141 (Ala.Civ.App. 1980). In exercising the discretion reposed in it, in making property divisions, the trial court should consider such factors as the earning ability of the parties, future prospects, age, health, duration of the marriage, standard of living, value and type of property and the conduct of the parties. Williams v. Williams, supra. After our review of the record in light of the aforementioned factors, we find the trial court did not abuse its discretion, and therefore affirm.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.