PER CURIAM.
This is a divorce case.
After an ore tenus proceeding, the trial court entered a judgment of divorce, which ordered, among other things, the sale of the marital residence, with Marx F. Tatom (husband) to pay $250 per month to Judy E. Tatom (wife) until the property is sold; granted the wife one-half of the property which the husband purchased from his aunt and ordered the husband to pay one-half of his income or rental value from the property to the wife in an amount of at least $250 per month; and ordered the husband to pay an $1,800 attorney’s fee to the wife’s attorney. On rehearing, the trial court lowered the minimum amount to be paid to the wife from the property purchased from the aunt to $125 per month in consideration of the husband’s paying the mortgage on the marital home. The husband appeals, contending that the trial court abused its discretion in these holdings. We affirm.
We note at the outset that, after an ore tenus proceeding, the judgment of the trial court is presumed correct and will *1199 be set aside only when it is found to be plainly and palpably wrong. Euler v. Euler, 515 So.2d 710 (Ala.Civ.App.1987); Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). The division of property is within the discretion of the trial court and will be disturbed on appeal only when there is a palpable abuse of that discretion. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App.1989). In addition, we note that the function of this court “is not to reweigh the evidence or to substitute our judgment for that of the trial court.” Lewis v. Lewis, 494 So.2d 105, 106 (Ala.Civ.App.1986).
The record reveals that the parties were married in 1953 and were divorced on September 5, 1989. Two children (now adults) were born of the marriage. Both the husband and the wife are retired.
The wife testified that she has income of $2,183 per month and that she has $47,000, which was inherited, in a certificate of deposit and a home, which was also inherited, where her adult daughter lives with her family.
The husband testified that he has income of $2,238 per month and that he owns a one-half interest in 37 acres of property that he purchased from his aunt in 1955 for $1,800. He also testified that he has received no income from the property, as expenses exceed income, and that his share of the property would be worth $300,000 to $400,000, if it could be sold. Income from the property is $1,900 a month and the mortgage cost is $1,256, plus taxes, insurance, and maintenance.
The husband first contends that the trial court abused its discretion in awarding the wife an undivided one-half interest in his separate property and in ordering that he pay the wife one-half of the monthly rental income with a minimum amount per month. He claims that the subject property is his alone and that, since he purchased it from his aunt at a relatively inexpensive price after it had been in his family for seventy-five years, it should be considered as an inheritance. However, there was testimony by the wife that the property was purchased with joint funds and that it had been referred to by the husband as “our property” throughout the marriage. There is sufficient evidence to support the trial court’s award to the wife of an undivided one-half interest in this real estate owned by the husband. Determination of the husband’s separate estate is for the trier of fact after review of the evidence. Wren v. Wren, 482 So.2d 1219 (Ala.Civ.App.1985). In addition, although the husband claims that he has earned no money from the property, this is not clear from the evidence presented.
Therefore, we find no abuse of discretion here and no merit to the contention that the court erred in granting the wife a one-half interest in the property and one-half of the income, with a minimum payment of $125.
Next, the husband contends that the trial court abused its discretion in ordering that he pay the wife monthly rental on the marital home prior to its being sold or purchased by the husband because he is left solely responsible for the monthly mortgage indebtedness in the amount of $615 and is unable to meet the extra expense of the payment to the wife. However, we find that it was not an abuse of discretion for the trial court to order rental payments prior to the house being sold, particularly in light of the fact that the trial court reduced the minimum amount of income to be paid to the wife from the property purchased from the husband’s aunt in consideration of the husband’s making mortgage payments on the marital home.
Finally, the husband, citing Keith v. Keith, 380 So.2d 889 (Ala.Civ.App.1980), contends that it was an abuse of discretion for the trial court to award an attorney’s fee to the wife’s attorney in the absence of evidence of financial need on the part of the wife and the ability to pay on the part of the husband. However, in Keith, a child custody case, the wife was ordered to pay a $500 attorney’s fee when there was no evidence that she had an income or estate from which to pay the fee. In addition, the court found that there was no statutory grant of authority to order that an attorney’s fee be paid. Here, there was ample *1200 evidence presented to the trial court concerning the financial situation of the parties from which it could have made its determination. It is always within the sound discretion of the trial court to award attorney’s fees in a divorce matter. Ala.Code 1975, § 30-2-54; Masucci v. Masucci, 435 So.2d 120 (Ala.Civ.App.1983).
Based on the above, we find that the judgment of the trial court is not plainly and palpably wrong and that the trial court did not abuse its discretion. Therefore, this case is due to be affirmed.
Both parties have requested an attorney’s fee for representation on appeal. Both requests are denied.
AFFIRMED.
All the Judges concur.