L. CHARLES WRIGHT, Retired Appellate Judge.
This is the second time these parties have been before this court. For facts pertinent to this case see Tatom v. Tatom, 571 So.2d 1198 (Ala.Civ.App.1990).
In July 1990 the wife filed a petition for rule nisi against the husband, alleging that the husband was in arrears in ordered payments and that he had failed to quitclaim his interest in certain marital property as prescribed by the decree. The wife requested that the husband be held in contempt of court for his failure to comply with the provisions of the decree. She subsequently petitioned the court for a clerk’s deed.
Following an oral proceeding, the trial court found the husband to be in arrears and ordered him to pay the wife’s attorney’s fee. The court refused to modify the provision of the decree pertaining to the business property of the parties. It modified the provision of the decree pertaining to the wife’s interest in the marital residence. (This modification is not an issue on appeal.) The wife’s petition for a clerk’s deed was granted. The court did not find the husband to be in contempt. The husband appeals.
Initially, the husband contends that the trial court abused its discretion in failing to modify the provision in the decree pertaining to the business property. That provision ordered the husband to pay to the wife no less than $250 per month from the proceeds of the business.
The husband and his accountant testified that the business property fails to generate income. The husband raised this same contention in his prior appeal. There, we determined that his assertion concerning the lack of income was not clear from the evidence presented. The evidence presented in this action does not make it any clearer. Based on our review of the record, we find no abuse of discretion.
The husband next contends that it was an abuse of discretion for the trial court to award an attorney’s fee to the wife’s attorney because he was not found in contempt of court.
Section 30-2-54, Code 1975, provides for the award of attorneys’ fees “[i]n all actions for divorce or for the recovery of alimony, maintenance or support in which ... a contempt of court citation has been made by the court against either par-ty_” That section, however, is not applicable to the facts of this case. The wife’s petition was filed to enforce a property division as ordered by the prior decree. This action is merely an extension of the original divorce action in which attorney fees are ordinarily available. It is always *504 within the sound discretion of the trial court to award an attorney’s fee in a divorce matter. Bell v. Bell, 443 So.2d 1258 (Ala.Civ.App.1983).
Finally, the husband asserts that the trial court erred in overruling his objection to the wife’s petition for a clerk’s deed. The husband cites no authority to support his argument. When a litigant fails to support his argument with proper authority we have no choice but to affirm. Harris v. Harris, 528 So.2d 866 (Ala.Civ.App.1988); Rule 28(a)(5) Alabama Rules of Appellate Procedure.
The wife’s request that we award damages for frivolous appeal pursuant to Rule 38, A.R.A.P., is denied.
The wife is awarded an attorney’s fee on appeal in the amount of $500.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.