This is a divorce case. *Page 227 
The wife appeals, contending the trial court abused its discretion in the division of property, award of alimony in gross, and the failure to award periodic alimony. We affirm.
The parties were married in 1961. They were divorced on February 22, 1980. Mr. Marshall is forty-three years old and Mrs. Marshall is forty-four years old. One son, age seventeen at the time of the divorce, was born to the parties. Mrs. Marshall has a daughter, age twenty-one, by a prior marriage. The father has agreed to support the son and provide for his college education. The daughter appears to be independent and will soon be married. There is no issue as to custody or child support.
Mr. Marshall is president of the Bank of Arab, Alabama. His income is about $50,-000 annually. Mr. Marshall also is furnished with a car by the bank and the bank pays for all its necessities.
Mrs. Marshall worked only a short time following the marriage. Prior to the marriage she worked one year as an airline stewardess and a short while as a file clerk. Mrs. Marshall has primarily been a homemaker since the marriage to Mr. Marshall. She has no independent source of income, no separate property, and very little if any marketable skills.
The Marshalls' family life, certainly in the later years, appears to have been an unhappy one. The record shows that Mrs. Marshall used vulgar and profane language regularly in communicating with her husband, daughter and son. She exhibited no love, affection or concern for her husband or her children. Most especially she heaped abuse on her husband at every opportunity. Mrs. Marshall did, however, maintain the house in excellent condition.
During the marriage the parties have acquired a fairly sizable estate. The estate (as calculated using the decree) is valued at approximately $388,000.00. Mr. Marshall received approximately $268,000.00, or sixty-nine percent of the estate, and Mrs. Marshall received approximately $120,000.00, or thirty-one percent of the estate.
Mrs. Marshall contends that the division of property and award of alimony in gross by the trial court is inequitable and constitutes an abuse of discretion. We disagree.
As this court stated in Horsley v. Horsley, 50 Ala. App. 445,280 So.2d 150 (1973):
 A division of an estate in a divorce proceeding is an adjustment of property rights and equities between the parties as shall seem just by the trial court. Such a division does not require an equal division of the estate, but one graduated according to the nature of the case.
We view the decree of the trial court with a presumption of correctness and will reverse only when that decree is deemed to be clearly and palpably wrong. Based on the evidence in this case we cannot say that the trial court was clearly and palpably wrong in the division of property. Body v. Body,47 Ala. App. 443, 256 So.2d 184 (1971).
Furthermore, the award is clearly not inequitable, for Mrs. Marshall received approximately one-third of the estate. Sidesv. Sides, 284 Ala. 39, 221 So.2d 677 (1969).
As noted above, the trial court did not award the wife periodic alimony and she contends this was error. We disagree.
The award of alimony is within the sound discretion of the trial court and, where the testimony is heard orally by the court, its judgment is presumed correct. Tyler v. Tyler,52 Ala. App. 430, 293 So.2d 856 (1974).
Each case must be determined upon its own facts; however, in making that determination, the court may consider, among other factors, the fault of the parties. Miller v. Miller, Ala.Civ.App., 361 So.2d 577 (1978). We say further that the fault of the parties may be considered in the award of alimony even though the divorce is granted for incompatibility.Phillips v. Phillips, 49 Ala. App. 514, 274 So.2d 71 (1973).
It is readily apparent from the record before us that the trial court could have concluded that the wife contributed *Page 228 
substantially to the breakdown of the marriage, and, if it did so conclude, the court could properly consider such conduct on the part of the wife as limiting her claim to alimony. Tyler v.Tyler, supra.
Based on the evidence set out in the record and the presumptions favoring the judgment, we cannot say that the trial court has abused its discretion in refusing to award the wife periodic alimony.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.