WRIGHT, Presiding Judge.
This is a divorce case. The wife appeals claiming alternatively that (1) the trial court’s failure to award her periodic alimony constituted a palpable abuse of discretion, and (2) if the judgment awarding only alimony in gross is correct, the amount awarded thereunder is insufficient.
The trial court heard the evidence ore tenus and we view its findings with a presumption of correctness. Childress v. Childress, 378 So.2d 1147 (Ala.Civ.App.1979). The trial court, in its discretion, may award periodic alimony or alimony in gross or both and the exercise of the court’s discretion will not be reversed except for palpable abuse thereof. Miller v. Miller, 361 So.2d 577 (Ala.Civ.App.1978); Clark v. Clark, 356 So.2d 1208 (Ala.Civ.App.1978); Bowers v. Bowers, 355 So.2d 732 (Ala.Civ. App.1978). An award of alimony incident to the granting of a divorce is not mandatory but is a matter addressed to the trial court’s discretion. Plaskett v. Plaskett, 348 So.2d 784 (Ala.Civ.App.), cert. denied, 348 So.2d 789 (Ala.1977). The court’s decision to award or deny periodic alimony depends upon the facts of the particular case. Hardwick v. Hardwick, 55 Ala.App. 156, 314 So.2d 76 (1975).
In the instant case, the trial court declined to award periodic alimony to the wife. Instead the court awarded alimony in gross of $8,400, roughly equal to one-third of the husband’s estate, to be paid in twenty-four monthly installments of $350 each over the next two years. Without detailing the evidence which led to the trial *999 court’s determination, it is sufficient that we find no abuse of discretion therein. Clark v. Clark, supra. The evidence, particularly that regarding the wife’s age, intelligence, numerous civic activities and various employments during part of the marriage, is indicative of a person capable of successfully reentering the job market. The trial court apparently considered it so and ordered monthly alimony in gross installments to allow the wife time to overcome her anxiety suffered as a result of the divorce, which her physician testified would cease interfering with her functioning within a year’s time.
The wife further claims that the alimony in gross award is insufficient.
The decree fixed alimony, child support and mortgage obligations on the husband which, when added to his testified minimal living expenses of $650 per month, total some $20,556 per year. These obligations and expenses alone approximately equal the husband’s net salary for the current year. In addition the husband is required to maintain $25,000 and $40,000 in life insurance on himself with the wife and children as beneficiaries, respectively. He is to provide medical and dental insurance for the children and assume between $2,600 and $3,200 in other debts of the marriage. He was additionally ordered to pay $1,200 to the wife’s attorney for her representation at trial. There was no abuse of discretion in the amount of alimony in gross awarded, particularly in view of the other awards to the wife and obligations placed on the husband by the decree. Miller v. Miller, supra.
The wife’s contention that the parties’ home should have been awarded to her outright instead of remaining in joint ownership of the parties was a matter for the sound discretion of the trial court. We find no abuse in that regard.
The judgment of the trial court is due to be affirmed. The wife’s request for attorneys’ fees for her representation on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.