This is a divorce case.
The parties married in 1974 and formally separated in October 1980. One child was born of the marriage, Jason, who became five years of age in October 1980. The wife had been previously married and her seventeen year old son lives with her.
The wife had held a teaching certificate but it expired in 1979 and she does not plan to attempt to renew it since she is of the opinion that it would be most difficult for her to obtain a teaching position. Apparently she worked until before Jason's birth. The wife is qualified for employment as a clerk typist or receptionist, and she is seeking such work. She receives $160 monthly as child support from her first husband.
There was evidence that the husband's average monthly gross income is slightly over $2,000, with his payroll deductions amounting to about $900.
Their personal property is not here an issue. The primary asset of the parties was the marital residence which they purchased in November 1974 for $44,000, of which they paid initially $14,000 and assumed a $30,000 first mortgage. As to the down payment, the wife provided about $8,800 and the parties borrowed $5,000, which was secured by their giving a second mortgage upon the property. The husband paid all monthly installments on both mortgages as they fell due. The parties' present equity in the jointly owned home is estimated at $47,600.
This couple has not had sexual relations since Jason was four months of age because, according to the husband but denied by the wife, the wife criticized his sexual ability and compared him sexually with her first husband and because she kept the baby on their bed between them. He further testified that the wife cursed him, that she would make pronouncements about the family and home and that he could not disagree with her. *Page 140 
The ground for a divorce which was alleged in the complaint was an irretrievable breakdown of their marriage. Only portions of the final judgment which are pertinent to the present issues will be mentioned. The court divorced them and granted the custody of Jason to the wife, ordered the husband to pay child support of $100 per month for six months, and thereafter to pay monthly $250 for Jason's maintenance. Additionally, he was required to maintain medical insurance on Jason, the monthly premiums being $51.77, and to keep certain life insurance, with Jason being named as beneficiary for certain contingent periods of times.
As alimony, the husband was ordered to pay all first and second mortgage house payments for a period of twelve months, thereafter the responsibility for meeting such installments was placed upon the wife. As alimony he was directed to pay $150 per month to her for six months, to be then reduced to $100 each month for the next six months, after which all alimony payments would terminate.
Concerning the home, the following provision was made in the judgment:
 8. The jointly owned property of the parties located at 2240 Wentworth Drive, Montgomery, Alabama shall be appraised by an appraiser to be agreed upon by both parties, the costs of which shall be divided equally between the parties, and the Husband shall be awarded a lien on said property in the amount of one-half (1/2) the equity in the property as revealed by said appraisal, or $25,000.00, whichever is the lesser. Said lien shall be satisfied at such time as the house is sold or upon the remarriage of the Wife, or at such time as the minor child attains the age of nineteen (19) years, whichever occurs first. Until such time as the lien is satisfied the Husband shall pay to the Wife on January 1 of each year, a sum equal to one-half (1/2) of the combined sum of property taxes for the [preceding] year and the premium of any home insurance coverage that may have been in effect for the [preceding] year.
The wife appeals, contending that the amount of child support and alimony is inadequate, that she should have been awarded the home in its entirety, or at least been entitled to a refund of that portion of the down payment which she made, and that paragraph 8 of the judgment, above copied, lacks certainty.
Since the trial judge personally heard the evidence presented by each side, we are allowed to disturb that decision only if the awards for child support, alimony or the property division, which are all interrelated, were so unsupported by the evidence as to be unjust and palpably wrong. Marshall v. Marshall,392 So.2d 226 (Ala.Civ.App. 1980); Keleher v. Keleher,389 So.2d 1160 (Ala.Civ.App. 1980). "`Palpable' means `[e]asily perceptible, plain, obvious, readily visible, noticeable, patent, distinct, manifest.'" Snow v. Snow, 393 So.2d 1020
(Ala.Civ.App. 1981).
Based upon the evidence in this case, the trial court was not clearly, plainly, obviously, etc. wrong in any of these aspects of the judgment.
 It is readily apparent from the record before us that the trial court could have concluded that the wife contributed substantially to the breakdown of the marriage, and, if it did so conclude, the court could properly consider such conduct on the part of the wife as limiting her claim to alimony. [Citation omitted.]
Marshall v. Marshall, supra. The amount of monthly child support and the payment of medical and life insurance premiums for Jason's benefit are certainly adequate and reasonable at this time. We cannot say that the overall scheme as to the home was inequitable.
Concerning the ambiguity in ownership of the home as contained in paragraph numbered 8 of the judgment, the husband states the following in his brief:
 All parties understood at the time the decree was issued that the wife would have title to the house subject to the husband's vested interest. There was no dispute concerning this issue and if that *Page 141 
intention cannot be upheld by resort to the pleadings and other matters of record, the husband will make it certain either by his admission or by tendering to the wife a deed to his undivided one-half interest.
Accordingly, paragraph numbered 8 of the final judgment rendered in this cause on March 10, 1981 is hereby ordered amended so as to direct the husband to convey his undivided one-half interest in said property to the wife, subject to the lien created in said paragraph 8 and subject to the provisions of said final judgment.
We affirm the judgment as so corrected.
The wife's request for an attorney's fee on appeal is denied.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED AS CORRECTED.
All the Judges concur.