BRADLEY, Judge.
This is a divorce case.
Lillian and Bill Jerrell were married on April 5, 1979. They lived in a home owned by the wife. No children were born of the marriage. The parties separated in April of 1981. As a result of this separation, the wife filed for a divorce on the ground of incompatibility of temperament.
At the time of the divorce hearing the husband was sixty-three years old and the wife was fifty-four years old. The husband had retired from work as an engineer prior to the separation. The husband’s income consisted of $542 a month social security and $236 a month which was interest generated by several certificates of deposit held by the husband. The husband’s only assets are a car, a $39,000 certificate of deposit, a $12,000 individual retirement account, and another $10,000 certificate of deposit.
At the time of the marriage the wife had an income of $300 a month which was from benefits payable on account of her deceased first husband. Her subsequent marriage resulted in the forfeiture of these benefits. The wife owned a home which was used by the parties as their marital home. The wife also owned a car and a piece of lake property. She testified that she had $500 in a savings account.
After the marriage she gave her daughter $28,000 which she had received as a black lung settlement for her first husband. The wife had been employed in several different capacities over the years. She had also been temporarily employed during the marriage and had received some unemployment benefits.
The husband made the house payment and paid most of the parties’ living expenses. The wife and her daughter both testified that the husband had promised that the wife would receive the income off his certificates of deposit as long as she lived. The husband admitted telling the wife this. He denied that he and his wife ever discussed the fact that she would lose her widow’s benefits by marrying him.
The trial court rendered its final decree of divorce on December 8, 1981. The court awarded each party his own property and personal items. The husband received the parties’ $10,000 joint certificate of deposit. He also retained all of his other savings. The wife received her home and furnishings and all other property she held. She was not awarded any periodic alimony or alimony in gross. From this judgment the wife has appealed to this court.
The only issue presented on this appeal is whether the trial court abused its discretion by failing to award the wife alimony or any of the husband’s property. We find no error and affirm the judgment.
In divorce cases the division of property and award of alimony are matters within the sound discretion of the trial court and will not be reversed except for a plain and palpable abuse of discretion. Williams v. Williams, 389 So.2d 141 (Ala.Civ. App.1980).
The wife’s main argument is that the husband promised her the income from his certificates of deposit for life. She states that this was to make up for the benefits lost from her deceased husband due to her remarriage. The wife relies on Reynolds v. Reynolds, 376 So.2d 732 (Ala.Civ.App.1979). In that case the parties had entered into a written antenuptial agreement. This court found that since the trial court had awarded the wife alimony in gross and a property settlement, it obviously had found the ante-nuptial agreement not to be binding. This court agreed that a finding that the agreement was not binding was supported by the evidence.
In the present case there is no written antenuptial agreement. In Campbell v. Campbell, 371 So.2d 55 (Ala.Civ.App.1979), it was held that an oral antenuptial agreement can be binding on the parties if it is undisputed that such an agreement existed. In the present case the trial court obviously found that the parties had not entered into *159 a binding oral antenuptial agreement. We cannot find that the trial court abused its discretion in this case. Although there is evidence that the husband had told his wife that he was going to give her his certificates of deposit, there is evidence to support a finding that this was not meant to be a binding agreement. Moreover, the husband denied telling the wife prior to the marriage that he would give her his certificates of deposit because he knew she would lose her other benefits. In fact, he stated that the loss of other benefits was never discussed with his wife.
The parties in this case have estates which are fairly equal in value. The husband is retired and is living on a fixed income. The wife has a good deal of property and is able to work. She gave her daughter $28,000. Considering these facts along with the short duration of the marriage, we cannot find that the trial court erred in failing to award the wife alimony. Accordingly, the judgment is affirmed.
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.