This is a divorce case. *Page 584 
On January 24, 1983 Ingrid Ute West filed a complaint for divorce in the Madison County Circuit Court against her husband, Ronald L. West. The couple was married on March 27, 1981. No children were born of their marriage but two children from the wife's prior marriage lived with the couple. The wife alleged complete incompatibility of temperament as the ground for the divorce. She requested, among other things, that the court order her husband to reimburse certain monies to her including $1,600 she paid to her husband for support of her children.
On April 11, 1983, after an ore tenus trial, the court rendered a divorce decree in which the wife was awarded $2,250 to reimburse her for the monies she gave her husband. This included the amount she paid for child support. She was also awarded $550 as attorney fees and alimony of $75 per month for five years. The husband appeals and raises three issues.
The first issue raised is whether the trial court erred by making an alimony award to the wife. The husband asserts that the wife failed to ask for alimony in her complaint or amendment. He also states in brief that after the couple separated the wife resumed employment. The thrust of his argument is that the wife does not need or deserve the $75 per month alimony award.
The awarding of periodic alimony is a matter within the broad discretion of the trial court. The exercise of this discretion will not be disturbed on appeal absent a showing of such an abuse of discretion as to render the judgment plainly and palpably wrong. Rich v. Rich, 402 So.2d 997 (Ala.Civ.App. 1981). The wife's failure to request alimony in her pleadings does not prevent the trial court from making such an award if the evidence supports it. Awad v. Awad, 54 Ala. App. 154,306 So.2d 21 (Ala.Civ.App. 1975). The purpose of alimony is to preserve the economic status quo of the parties as it existed during the marriage. Madden v. Madden, 399 So.2d 304
(Ala.Civ.App. 1981).
From our review of the record we find no abuse of discretion by the trial court in awarding as alimony $75 per month for five years. The testimony at trial indicated a substantial disparity of income between the parties.
The next issue raised is whether the court abused its discretion by awarding to the wife $2,250 as reimbursement for monies she paid the husband. The testimony at trial showed that the wife received $500 as a wedding present from her aunt. The husband used this money to purchase items that he still has. The wife asked the court to order the reimbursement of half that amount. She testified that over the course of the marriage she loaned her husband money on several occasions and he usually paid her back. On one occasion he borrowed $500 and paid only $100 of the loan back. She also stated that, at her husband's insistence, she paid him $200 a month for support of her children. She made this payment for eight months for a total of $1,600. She asked that this amount and the $400 outstanding on the loan also be reimbursed to her. The court ordered the reimbursement.
The husband argues that the $200 a month child support payments were used to offset some of the house expenses. He asserts that he owed no duty to support the wife's children, yet they received the benefits of living in the marital home, which exceeded the $200 payments.
The trial court has wide discretion in making a division of property. Jerrell v. Jerrell, 418 So.2d 157 (Ala.Civ.App. 1982). Furthermore, the trial court in a divorce case has the power to use any reasonable means to effect a just property settlement. Simmons v. Simmons, 422 So.2d 799 (Ala.Civ.App. 1982).
There is evidence in the record that the wife did lend the husband money that he failed to repay and that the husband did agree to support the wife's children even though later he required her to pay him $200 a month for their support. Consequently, we consider the trial court's award *Page 585 
of $2,250 to the wife as a reimbursement for money paid to the husband to be an effort on its part to effect a just property settlement. We find no abuse of discretion here.
The final issue on appeal is whether the trial court erred by awarding to the wife $550 as attorney fees. The husband claims the court abused its discretion in making such an award since the evidence showed that the wife had $3,000. He contends this money could have been used by the wife to pay her attorney fees. He also states that the wife failed to show need.
The granting of attorney fees to the wife in a divorce action rests in the trial court's discretion and will not be reversed except for abuse of that discretion. Cozad v. Cozad,372 So.2d 1322 (Ala.Civ.App. 1979). The factors to be considered in making an attorney fees award include the earning capacities of the parties, results of the litigation, and the financial circumstances of the parties. Gilliland v. Gilliland,422 So.2d 299 (Ala.Civ.App. 1982); Peterson v. Peterson, 403 So.2d 236
(Ala.Civ.App.), cert. denied, 403 So.2d 239 (Ala. 1981). The court did not abuse its discretion in making the attorney fees award. The husband's trial counsel stipulated that the amount was reasonable. Moreover, the $3,000 which the husband argues should be used to pay the fees was given to the wife by her mother to meet the children's needs. The husband is financially able to meet this award.
The trial court's decision is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.