This is a divorce case.
The wife, defendant below, has appealed and complains of abuse of judicial discretion in the division of property and amount of periodic alimony awarded to her.
To summarize the evidence, the parties were married in 1955, separated in 1982, and divorced in 1984. Three children were born to the marriage and all are emancipated. The plaintiff operates a restaurant, in partnership with his aunt, and the defendant is a housewife, although she did assist her father with the operation of another restaurant in years past. The evidence is in conflict as to the breakdown of the marriage. The plaintiff portrays himself as a hardworking businessman, a good father, and the defendant as an irascible person who is abusing prescription drugs. The defendant contends the plaintiff spent all his spare time on hobbies, as flying, motorcycles, radios and computers, and in essence abandoned her. Defendant suffers from a personality disorder, migraine headaches and gastro-intestinal disturbances that generally make her unemployable. The plaintiff is age sixty and the defendant is age fifty-three. Income tax returns show gross income of $31,000 in 1981, and $35,000 in 1982. Defendant further alleged that plaintiff brings home $500 a week in unreported income.
After ore tenus hearing the trial court awarded to the defendant the parties' home, valued at $40,000, and ordered the plaintiff to pay off the mortgage indebtedness of $10,000 within forty-five days; household furniture valued at $20,000; silver coins and bullion valued at $43,000; $60,000 in cash; $132,850 payable at $1,088.93 for 121 months; $800 per month as periodic alimony; $6,500 attorney's fee, and cemetery lots of undisclosed value. The defendant owns three parcels of real estate in her own right. The plaintiff was awarded $35,000 in municipal bonds; $12,000 in accounts receivable; $73,000 in government investors bonds; $15,000 I.R.A.; 9-10 acres on Karl Daly Road valued at $80,000; his one-half interest in the Central Park property valued at $80,000; property in East Lake valued at $55,000. Exclusive of the cemetery lots, the amount awarded the defendant constitutes thirty-eight *Page 863 
percent of the marital estate with sixty-two percent going to the plaintiff.
In regard to the defendant's allegations of error on appeal, each of the matters falls within the judicial discretion of the trial court, and its judgment is presumed to be correct upon appeal and cannot be changed by this court, unless the judgment is unjust or palpably wrong or unsupported by legal evidence.Wetherbee v. Wetherbee, 432 So.2d 1313 (Ala.Civ.App. 1983). In exercising discretion to divide property and to award alimony in a divorce case, a trial court may consider such factors as the earning capacity of the parties, their future prospects, their age, health, and duration of the marriage, their standard of living, value and type of property and conduct of the parties. Davis v. Davis, 274 Ala. 277, 147 So.2d 828 (1962);Dobbs v. Dobbs, 452 So.2d 872 (Ala.Civ.App. 1984). "The division of property does not have to be equal, only equitable." Easterling v. Easterling, 454 So.2d 1019
(Ala.Civ.App. 1984). "Wide discretion is given to a trial court in making a property division in a divorce case." Kilpatrick v.Kilpatrick, 411 So.2d 158 (Ala.Civ.App. 1982). "The awarding of periodic alimony is a matter within the broad discretion of the trial court." West v. West, 437 So.2d 583 (Ala.Civ.App. 1983). As far as practical, the purpose of alimony is to preserve the economic status quo of the parties as it existed during the marriage. Madden v. Madden, 399 So.2d 304 (Ala.Civ.App. 1981).
Under the facts presented, we are not persuaded that the trial court did not consider the above stated factors. The defendant will receive the sum of $800.00 per month as alimony, together with $1,088.93 per month for 121 months as a part of property division. The total of said sums exceeds her stated monthly needs. She has $103,000 in cash or assets which can be income producing. She has a home in which to live or rent as she desires. If the circumstances of the parties change substantially, the court can make revisions in the monthly allowance of periodic alimony to defendant as the substantially changed circumstances may warrant. Only the Mid-field restaurant and the Central Park property, in partnership with plaintiff's brother, are income-producing property to the plaintiff.
Considering all the facts and circumstances in this case, as presented, we are not prepared to say that the division of property and the awarding of periodic alimony is so unjust and palpably wrong as to require reversal. The defendant's request for attorney's fee on appeal is denied. This case is due to be and is hereby affirmed.
The foregoing opinion was prepared by retired Circuit Judge ROBERT M. PARKER, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.