SCHOTT, Judge.
We granted certiorari in order to consider the validity of a judgment of the magistrate judge of the Criminal District Court holding relator, an attorney, and his client, the defendant, in contempt of court for failing to comply with an en banc order of the court.
Relator is an attorney with the Orleans Indigent Defender Program. Terence Green was arrested at 3:05 a.m. on February 12, 1988 for possession of a marijuana with intent to distribute, a violation of R.S. 40:966. Later in the morning he was brought before the magistrate court for a hearing to set bail. When the magistrate ascertained that Green was indigent he appointed relator to represent him. Then the magistrate asked relator, “have you discussed with him whether or not he wishes his preliminary examination at this time?” Relator replied that after discussing this question with Green, he, on relator’s advice, decided not to make a decision concerning the preliminary examination. The magistrate referred to an en banc rule adopted by the judges of the Criminal District Court requiring the defendant at the first appearance hearing to elect either to request a preliminary hearing or to waive his right to request one. When relator refused to make this election the magistrate held him and defendant in direct contempt of court.
Although we question the magistrate’s treatment of relator’s and defendant’s conduct as a direct contempt under C.Cr.P. art. 21 rather than a constructive contempt under C.Cr.P. art. 23 we pretermit the question because the en banc order allegedly violated by relator and defendant is itself invalid.
An order for a preliminary examination may be granted by the court at any time before or after the indictment or the filing of the bill of information. C.Cr.P. art. 292 and Official Revision Comment thereto. Since the alleged en banc order is inconsistent with this statutory right the order is not enforceable.
*2 Accordingly, the judgment of the magistrate court holding relator and defendant in contempt of court is reversed and set aside.
REVERSED.