This proceeding was initiated by the husband when he filed a complaint seeking divorce on the ground of incompatibility. Thereafter, the wife filed her answer and a counterclaim based on the grounds of adultery and irretrievable breakdown of the marriage. Following an ore tenus proceeding, the trial judge granted the divorce and divided the parties' property. The wife appeals, contending that the trial court abused its discretion in failing to grant periodic alimony to her and in failing to award certain property to her.
The parties were married in 1961. They have two children, both of whom are now adults. The husband is a supervisor for a steel fabricating company, where he has worked for 24 years. The wife was not employed throughout most of the marriage, but cared for the parties' home and children. She presently works for an engraving company.
The parties separated briefly in 1984 at the instance of the husband following an affair, but soon reconciled. In early 1987, the husband became romantically involved *Page 962 
with another woman. He moved out of the marital residence in May; shortly thereafter, he moved in with his girlfriend. The husband further testified that, when he returned home in 1984, he did not intend to stay, but rather, planned to leave his wife again when their youngest child completed college.
The trial court awarded to the husband his IRA of $4,100, a profit-sharing account with his company valued at $55,000, and a list of requested personal property. The wife was awarded the remainder of the household furniture and furnishings, her IRA of $2,600, and "her interests in the estate of her deceased parents." The wife owned a parcel of property received from her father's estate valued at $20,000, and anticipated receiving $16,000 from her mother's estate at a future time. The order then provides that "[a]ll real property shall be sold," but we note that it does not clearly indicate whether the wife's inherited parcel is excluded from that mandate. The proceeds from the sale of the property are to be divided equally.
The parties jointly own two five-acre parcels of land valued at $15,000 and $5,000 and the marital residence, which is situated on seven and one-half acres. The parties' estimates as to the value of the residence conflict; we will use an average estimated value of $93,000 for discussion here. Upon its sale, the trial court ordered the satisfaction of the outstanding $20,000 mortgage, the payment of a loan balance of $7,700 used for the children's education, and the reimbursement to the husband of all mortgage, tax, and insurance payments made pending the sale. We calculate that each party can estimate receiving $41,400 from the sale of their jointly-owned real property.
Utilizing the foregoing figures, the husband was awarded marital assets valued at $100,500, 70 percent of the total. The wife was awarded marital assets valued at $44,000, 30 percent of the total. In addition, she has a separate estate valued at $36,000. She was not awarded any alimony, either periodic or in gross.
It is axiomatic that the award of periodic alimony and the division of property are discretionary with the trial court.Montgomery v. Montgomery, 519 So.2d 525
(Ala.Civ.App. 1987); Carnaggio v. Carnaggio, 475 So.2d 861
(Ala.Civ.App. 1985). The exercise of that discretion must nevertheless be based upon equitable principles and is subject to appellate review if the result is arbitrary and unjust.Dees v. Dees, 390 So.2d 1060 (Ala.Civ.App. 1980). We are authorized to disturb the trial court's decision only if it is so unsupported by the evidence that it is unjust and palpably wrong. Austin v. Austin, 408 So.2d 138
(Ala.Civ.App. 1981). Because a division of property and award of periodic alimony are interrelated, the entire judgment must be considered in order to determine whether the trial court abused its discretion. Montgomery, supra.
Although there are no fixed standards for determining alimony or dividing property, this court has discussed on numerous occasions the many factors a trial court should consider in making such awards. Included are the age, sex, and health of the parties, the length of their marriage, their future prospects and station in life, their standard of living and each party's potential for maintaining that standard after the divorce, the value and type of property they own, and the source of their common property. Young v. Young,515 So.2d 32 (Ala.Civ.App. 1987); Lutz v. Lutz,485 So.2d 1174 (Ala.Civ.App. 1986); Jones v. Jones,454 So.2d 1006 (Ala.Civ.App. 1984). Each party's earning capacity should be carefully examined, including his or her training, education, experience, employment history, and earning record.Jones, supra. In appropriate cases, the conduct of the parties with reference to the cause of the divorce should also be evaluated. Lutz, supra; Reynolds v. Reynolds,376 So.2d 732 (Ala.Civ.App. 1979). A court may consider fault even if the divorce is granted on "no-fault" grounds. Lutz,supra; Cooper v. Cooper, 382 So.2d 569 (Ala.Civ.App. 1980).
The evidence in the instant case reveals a husband who left his wife of 26 years for another woman with whom he *Page 963 
had been having an affair. The husband is employed in a management position, making $17.50 per hour plus overtime; his gross income for 1987 was $48,173. He testified that he expected to make less in 1988 because the company was cutting down on overtime, but his year-to-date salary as of April 1988 was $12,676. The wife, on the other hand, was not employed outside the home for many years. She is 47 years old and has only a high school education. The most she has ever made was "a little over $5.00 an hour." Her current job pays $4.75 an hour for an annual gross income of $9,880 if she loses no time from work.
The purpose of alimony is to preserve, insofar as is possible, the economic status quo of the parties after divorce as it existed while they were married. West v. West,437 So.2d 583 (Ala.Civ.App. 1983); Madden v. Madden,399 So.2d 304 (Ala.Civ.App. 1981). Alimony may be awarded upon a showing of need by one spouse together with the requisite ability to pay of the other. Madden, supra.
The wife's take home pay is $628 per month. Her enumerated monthly expenditures approach that sum without taking into account any estimates for medical or dental care, insurance, clothing, vehicle upkeep, or rent. She depends upon financial assistance from her daughter to meet her basic living expenses. There is no evidence that the wife has the skills to obtain employment which would produce sufficient income to maintain her present standard of living.
The need of the wife for support and the ability of the husband to pay a reasonable amount is clear. We find that the trial judge's denial of periodic alimony to the wife from a culpable husband after 26 years of marriage was arbitrary and unjust. It is the opinion of this court that periodic alimony of $300 per month until the parties' residence is sold and $500 per month thereafter is reasonable in light of the husband's income. The trial court is directed to enter an award of $300 per month as periodic alimony beginning January 1989, increasing to $500 per month beginning in the month after the sale of the marital residence is closed.
We now turn to the division of property. The wife argues that the trial court erred in failing to make two specific awards to her. She contends that she should have been awarded the marital residence and $750.00 in insurance proceeds for her IRA that was erroneously deposited into the husband's IRA. The trial court in a divorce case has wide discretion in making a property division and has the power to use any reasonable means to effect a just distribution. West, supra.
Furthermore, the division of property does not have to be equal, but only equitable. Carnaggio, supra. We know of no requirement that the trial court must award specific items of property to either party. We do find, however, that the trial judge's division of property in this case is so inequitable as to constitute an abuse of discretion.
Both parties testified that it was their understanding that a sum of $1,500 received in insurance proceeds was to be divided equally for deposit into each spouse's IRA. Instead, the entire amount was credited by the agent to the husband's account. We find that the trial court abused its discretion in failing to consider the parties' intentions with respect to the insurance proceeds; therefore, we direct the trial court to enter an award of $750 to the wife.
The wife was awarded approximately 30 percent of the assets acquired by the parties during their marriage. Her status as a homemaker during most of her married life was encouraged by the husband. In addition to her contributions to the marriage of caring for the children, the husband, and the home, we note that the marital residence is built on land the wife inherited and that proceeds from the sale of other land acquired from her family were used in constructing the house. The wife has no savings and only a minimal amount set aside for her retirement. She does have a small separate estate, but no funds from that source are available to her until her mother's estate is closed or she can sell the land she owns. After evaluating the wife's limited potential for maintaining her *Page 964 
former standard of living, the size of her separate estate, the size of the husband's estate, the length of this marriage, and the fault of the husband in bringing about the divorce, we believe that the property awarded to the wife is clearly inadequate.
In order to more closely adjust the equities, we direct the trial court to amend its judgment by granting to the wife three-fourths of the proceeds from the sale of the parties' jointly-owned real property, and one-fourth of said proceeds to the husband. This adjustment would approximate the wife's obtaining just over 40 percent of the marital estate. In addition, we direct the trial court to clarify that portion of its judgment relative to the sale of "all real property" to ensure that the wife's separate estate is excluded therefrom.
The trial court's judgment is affirmed in part and reversed in part with directions as set out herein.
The wife is awarded an attorney's fee on appeal of $750.00.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
BRADLEY, P.J., and HOLMES, J., concur.