INGRAM, Presiding Judge.
The parties in this case were divorced by the Circuit Court of Jefferson County on October 4, 1988. The final judgment of divorce divided the personal property of the parties, reserved the issue of periodic alimony, awarded a fee to the wife’s attorney, and ordered that the marital residence be sold and that the net proceeds be divided equally between the parties. The wife filed a posttrial motion, which was denied, and then perfected a timely appeal to this court. Her principal contention on appeal is that the trial court’s division of property was inequitable and, therefore, an abuse of discretion.
The principle that property division is discretionary with the trial court is well established. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987); Carnaggio v. Carnaggio, 475 So.2d 861 (Ala.Civ.App.1985). The trial court has the power to use any reasonable means to effect a just distribution of property. West v. West, 437 So.2d 583 (Ala.Civ.App.1983). The only requirement governing its exercise of discretion in this area is that the division of property must be equitable. Equal distribution is not mandated. Carnaggio, supra. Furthermore, even though this court might have reached a different decision than that reached by the trial court, such does not constitute a basis for our reversal of the trial court, which heard the evidence and observed the witnesses. Jordan v. Jordan, 523 So.2d 1078 (Ala.Civ. App.1988). The wife argues that the trial court’s failure here to award the residence to her constituted error. This court is authorized to disturb the trial court’s decision in that regard only if it is unsupported by the evidence and, therefore, is unjust and palpably wrong. Austin v. Austin, 408 So.2d 138 (Ala.Civ.App.1981).
Unfortunately, the testimony in this case is not before us. No court reporter was present at the trial; consequently, there is no transcript. Even so, the wife could have prepared a statement of the evidence or proceedings in accordance with the procedure outlined in Rule 10(d), Alabama Rules of Appellate Procedure, but she did not do so. The record on appeal contains only the clerk’s record.
The wife contends that, even though there is no transcript or Rule 10(d) statement, the clerk’s record contains sufficient evidence to support our reversal of the trial court. She bases this contention on a pleading she filed entitled “Counter Complaint,” which was never answered by the husband. The wife argues that unan *504 swered allegations of a counterclaim must be deemed admitted and that such allegations in her pleading justify her position that the residence should have been awarded to her. We cannot agree. We preter-mit any discussion on the merits of the wife’s argument, for we find that, even if all of the factual allegations contained in her “Counter Complaint” are assumed to be true, there is still insufficient evidence before us to compel a reversal of the trial court.
Nevertheless, the wife argues on appeal that the trial court’s decree, which is based, at least in part, on evidence presented ore tenus, is plainly and palpably wrong; therefore, appellate reversal on such ground must be based on the conclusion that the evidence virtually compels a result inconsistent with the trial court’s decision. Adams v. Adams, 335 So.2d 174 (Ala.Civ. App.1976). We find, however, that we cannot make such a determination where none of the oral testimony is communicated to us. When oral testimony was considered by the trial court in reaching its decision and this testimony is not present in the record as either a transcript or Rule 10(d) statement, it must be conclusively presumed that the testimony is sufficient to support affirmance. Adams, supra. We agree with the following conclusion as stated in Adams:
“Under ARAP it is not necessary to submit the entire transcript; however, there is a minimum below which an appellant who bases his argument on the weight and sufficiency of the evidence may not fall and still present a reviewable issue. The complete absence of any transcript or 10(d) statement of oral testimony falls below such a minimum.”
335 So.2d at 177.
In view of the foregoing, we cannot say that the trial court’s division of property in this case is inequitable so as to constitute a palpable abuse of discretion. The judgment of the trial court is due to be affirmed.
Appellant’s request for attorney’s fees on appeal is denied.
Appellee’s request for sanctions pursuant to Rule 38, A.R.A.P., is also denied.
AFFIRMED.
RUSSELL, J., concurs.
ROBERTSON, J., not sitting.
ROBERTSON, Judge
(not sitting):
This case having already been decided by a majority of the court, due to my personal friendship with both parties in this matter, I choose not to sit.