This proceeding was initiated by the wife when she filed a complaint seeking divorce on the ground of incompatibility of temperament. Following an ore tenus proceeding, the trial court granted the divorce, awarded custody of the parties' minor child to the wife and visitation rights to the husband, divided the parties' real and personal property, and made certain awards to the wife. The husband now appeals to this court.
The parties were married for 27 years. They have six children, only one of whom is still under the age of majority. That child is now twelve years old. The husband does not contest the custody award on appeal. The husband was ordered to pay child support of $50.00 per week and periodic alimony of $20.00 per week. He was also ordered to pay $500.00 to the wife's lawyer. The wife was awarded a 74-acre parcel of property free and clear of all debt, and the husband was awarded the marital residence and all other parcels of real property, two of which were inherited by the husband from his father. Some of the property is encumbered by a mortgage in favor of the husband's mother and stepfather, which secures a loan to the husband that he used to pay marital debts and business expenses. We pretermit any further recitation of the evidence. Because of the vast number of cases on the same legal subject, little or nothing would be contributed to the law of this state by reciting the facts of the instant case in detail.
The husband contends on appeal that the trial court abused its discretion in dividing the parties' real property, setting the amount of the support payments, and awarding attorney's fees to the wife.
The husband argues initially that there is no material conflict in the evidence, and, therefore, that we should not afford a presumption of correctness to the trial court's judgment. We find no merit to that argument. Our review of this case is governed by the ore tenus rule. When evidence is presented to the trial court ore tenus, its judgment is presumed to be correct and will be affirmed on appeal if it is supported by credible evidence. Phillips v. Phillips,515 So.2d 8 (Ala.Civ.App. 1987). Further, it is axiomatic that property division and awards of alimony, child support, and attorney's fees are discretionary with the trial court. We are not authorized to disturb the trial court's decision in these matters unless we find that the trial court palpably abused its discretion. Moore v. Moore, 537 So.2d 961 (Ala.Civ.App. 1988); Jones v. Jones, 454 So.2d 1006 (Ala.Civ.App. 1984).
There are no fixed standards for determining alimony or dividing property. *Page 576 
Instead, there are many factors a trial court should consider in making these awards, such as the length of the marriage, the value and type of property owned, and each party's age, sex, health, future prospects, station in life, earning capacity, and conduct. Moore, supra. In arguing that the wife should not have been awarded alimony, the husband fails to recognize several of the factors available for the trial court's consideration. We find no abuse of discretion in the trial court's decision to award $20.00 per week in alimony to the wife.
The husband also contends that the division of real property favors the wife and is an inequitable distribution. Even if a property division favors one party over the other, that is not, in and of itself, an abuse of discretion. Prestwood v.Prestwood, 523 So.2d 1071 (Ala.Civ.App. 1988). There is simply no requirement that marital property be divided equally. The only mandate governing a trial court's exercise of discretion in this area is that the property division must be equitable. Moore, supra; Carnaggio v. Carnaggio, 475 So.2d 861
(Ala.Civ.App. 1985). The husband insists that the value of the property he inherited from his father should not have been considered by the trial court when it divided the marital assets. The determination of what constitutes a spouse's separate estate is a question of fact to be decided by the trial court after a review of the evidence. Wren v. Wren,482 So.2d 1219 (Ala.Civ.App. 1985). We cannot tell from the divorce decree what, if anything, the trial court considered to be the husband's separate estate, but we note that all of the inherited property was awarded to him. In any case, our review of the record does not indicate any view of the evidence under which the trial court's division of the real property here could be considered inequitable. In fact, it appears that the trial court was quite fair to the husband. Further, the existence of the mortgage encumbering some of the property is due to the unilateral actions of the husband, and we find no abuse of discretion in requiring him to pay that debt.
In regard to the award of child support, the husband argues that it is excessive in light of his income and that it is unsupported by the evidence. We disagree. An award which exceeds a parent's stated income is not automatically an abuse of discretion, as the standard is the ability to earn rather than actual income. Ebert v. Ebert, 469 So.2d 615
(Ala.Civ.App. 1985); Hurd v. Hurd, 397 So.2d 133 (Ala.Civ.App. 1980). Furthermore, the custodial parent is not required to prove a lack of supportive ability to receive child support, as the paramount consideration is the welfare of the child. Murphy v.Murphy, 440 So.2d 564 (Ala.Civ.App. 1983). We find no error in the award of child support.
Finally, the husband argues that the wife should not receive attorney's fees because she presented no evidence of financial need. That is one of the factors a trial court may consider in making a fee award, but it is not alone determinative. Lutz v.Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986); Isham v. Isham,464 So.2d 109 (Ala.Civ.App. 1985). The trial court did not abuse its discretion in ordering the husband to pay an attorney's fee of $500.00.
The trial court's judgment is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.