ROBERTSON, Judge.
This is a divorce case.
In March 1989, the wife, Naomi Hood, filed for divorce from her husband, Ernest Hood. Upon consideration of her divorce complaint and accompanying affidavit, the court entered an order, pendente lite, granting the wife exclusive use and occupancy of the marital home.
The husband then answered the wife’s complaint and counterclaimed for divorce. Following its consideration of the counterclaim, the trial court set a hearing date to consider allowing the husband back into the marital residence. After said hearing, the trial court entered a second pendente lite order in which the court set aside its earlier order and granted the husband the right to reestablish residence at the parties’ home.
An ore tenus proceeding on the divorce complaint was then held in December 1989, following which the court entered a divorce decree on January 19, 1990.
It is from this order that the wife appeals. Specifically, she appeals from that part of the court’s order which vested all right and title to the marital residence in the husband. In short, the wife asserts that the trial court erred in not ordering that the marital residence be sold and the proceeds divided between the parties.
In a divorce proceeding, when evidence is presented ore tenus, a presumption of correctness attaches to the court’s judgment, and it will not be disturbed on appeal absent a determination that it is *1237 plainly and palpably wrong or unjust. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Further, no fixed standards govern a court’s division of property in a divorce proceeding. Jordan v. Jordan, 547 So.2d 574 (Ala.Civ.App.1989). In fact, “the only mandate governing a trial court’s exercise of discretion in this area is that the property division must be equitable”; it need not be equal. Jordan (citation omitted).
Our review of the record does not indicate that the court’s award of the marital residence solely to the husband was an abuse of discretion. The wife owned another home, albeit extremely small, and she contributed very little toward the purchase price of the marital home. These circumstances do not indicate that it was reversible error to award the marital home to the husband solely, in spite of its being the major asset of the parties’ marriage. Jordan.
The judgment of the trial court is due to be affirmed.
The wife’s request for an attorney’s fee on appeal is denied.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J. concur.