THIGPEN, Judge.
This is a divorce case.
The parties married in 1934 and have lived separately intermittently since that time. In 1989, the wife filed for divorce and sought a property settlement. The children of the marriage are adults and not a factor in this case. After approximately two hours of an ore tenus proceeding, the trial was recessed for the purpose of settlement negotiations between the parties. Although the trial court encouraged settlement, the parties were unable to agree on the terms of the divorce. Eventually, the parties submitted the cause to the trial court for a final decree based on the evidence already before the court, including the testimony of witnesses at the ore tenus proceeding, and further written contentions. Subsequently, the trial court entered an order divorcing the parties and dividing the property. When the wife’s post-trial motion was denied, she appealed.
The issue raised by the wife challenges the property division ordered by the trial court. While the marital property consisted of a number of acres of real property, our concern here involves only a lake house with five acres. Specifically, the wife is concerned that this parcel of real property was awarded to the husband at her exclusion. She contends that such division was not the intention of the parties in the settlement agreement, and that, even considering the ore tenus evidence, the division is unjust and an abuse of the trial court’s discretion. She directs attention to testimony in the record from the ore tenus proceeding concerning the fault of the husband in contributing to the breakdown of the marriage.
Our review of the record reveals pertinent facts. At some point in the marriage, each of the parties inherited sizeable amounts of property. Most of that property has been sold or deeded to the children. There is ample evidence in the record that the parties could not agree on the disposition of the lake house and five acres at issue. There is evidence in the record that the wife wanted to tie up all the remaining realty in trusts for the benefit of their children. There is evidence in the record that the home and land at issue was the husband’s inheritance, and has been his residence a number of years, separate from the marital home in which the wife resides and received on terms she suggested. There is testimony that the husband wanted the lake home and five acres as his own. The trial court cautioned the parties that if they could not agree on the terms of the division, the trial court would exercise its discretion to make a property division, which could include a court-ordered sale of some of the real property. There is other evidence in the record supporting the trial court’s conclusion that the parties had not reached an agreement on every point. The legal principles concerning divorce are well-settled by the vast number of cases. When a trial court is presented ore tenus evidence in a divorce proceeding, its judgment is presumed correct if supported by the evidence. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App.1989); Coby v. Coby, 489 So.2d 597 (Ala.Civ.App.1986). The property division pursuant to a divorce need not be equal, only equitable in light of the evidence and what is equitable rests within the broad *897 discretion of the trial court. Ross v. Ross, 447 So.2d 812 (Ala.Civ.App.1984). Many factors, including the conduct of the parties, are proper to consider in making an equitable division. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986). A division of property that favors one party over another is not in and of itself an abuse of discretion. Jordan v. Jordan, 547 So.2d 574 (Ala.Civ.App.1989). Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985).
Further details of the evidence regarding this divorce are unnecessary. Our careful and thorough review of the entire record discloses ample evidence to support the trial court’s judgment regarding the property division and we find no abuse of discretion. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.