I respectfully dissent. The legal principles concerning divorce are well settled by *Page 681 
the vast number of cases. The judgment of a trial court following the presentation of evidence ore tenus is presumed correct if supported by the evidence, and it will not be set aside on appeal unless it is plainly and palpably wrong or unjust. Waid v. Waid, 540 So.2d 764 (Ala.Civ.App. 1989);Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986); andCarnaggio v. Carnaggio, 475 So.2d 861 (Ala.Civ.App. 1985). Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwithv. Beckwith, 475 So.2d 575 (Ala.Civ.App. 1985).
Adultery, which is difficult and rare to prove by direct means, may be proven by circumstantial evidence which creates more than a mere suspicion. Billington v. Billington,531 So.2d 924 (Ala.Civ.App. 1988). Proof to support the charge of adultery "must be sufficiently strong to lead the guarded discretion of a reasonable and just mind to the conclusion of adultery as a necessary inference." Boldon v. Boldon,354 So.2d 275, 276 (Ala.Civ.App. 1978). Adultery, within the context of divorce proceedings, has not been specifically defined by Alabama caselaw; however, it appears that proving adultery for purposes of divorce is a lesser burden than proof for criminal conviction, pursuant to Ala. Code 1975, § 13A-13-2. See discussion in Rowe v. Rowe, 575 So.2d 584 at 586 (Ala.Civ.App. 1991).
In the present case, more than a mere suspicion of adultery could have been created by the testimony of the two witnesses and the husband's own testimony concerning his attitude regarding his marital commitment to his wife. Mr. Kulicka testified that the husband frequently visited Mrs. Kulicka in the Kulickas' home while they were still married, and that he suspected that there were other instances where Mrs. Kulicka and the husband met. Mr. Kulicka testified that on occasion, the husband had asked Mr. Kulicka "to go with him to chase women." Mr. Kulicka also testified that he did not confront Mrs. Kulicka about her relationship with the husband because he wanted "to hold my marriage together" and to not disrupt the lives of his children.
The testimony of Mr. Kulicka and that of the wife, if believed, could create more than a mere suspicion and could reasonably lead to the inference that the act of adultery was committed. The only witnesses called (including the husband) who could testify directly regarding the act of adultery claimed the privilege against self-incrimination when asked about sexual involvement with each other during the husband's marriage. It appears to me that once the trial court was led to the necessary inference of adultery, the presumption which operates against one claiming the privilege against self-incrimination strengthened that conclusion.
One's refusal to testify may be brought to the attention of the trial court. Anonymous v. Anonymous, 353 So.2d 510
(Ala.Civ.App.), rev'd on other grounds, 353 So.2d 515 (Ala.), on remand, 353 So.2d 519 (Ala.Civ.App.), cert. denied,353 So.2d 520 (Ala. 1977). The majority opinion notes that when one claims the privilege against self-incrimination, a presumption is created that operates against the party claiming the privilege.Cokely v. Cokely, 469 So.2d 635 (Ala.Civ.App. 1985), andAnonymous, supra. See also Kirkland v. Kirkland, 236 Ala. 120,181 So. 96 (1938). In evaluating the evidence, a trial court may consider a witness's refusal to testify. Drill Parts Service Co. v. Joy Manufacturing Co., 439 So.2d 43 (Ala. 1983). Further, the presumption against the husband shifted the burden of going forward to the husband, which he was required to "remove by strong and convincing evidence." Adams Constr. Co.v. Adams, 254 Ala. 547, 551, 49 So.2d 138, 142 (1950) (Brown, J., specially concurring). Here, the husband failed to produceany evidence to rebut the presumption against him.
The judicial mind could "be reasonably satisfied from such circumstantial evidence and all reasonable and proper inferences therefrom that the act was committed."Billington at 924. It is my opinion that we are controlled here by "our duty to affirm the decree of the trial court who heard and saw the witnesses." Boldon at 275. Therefore, I respectfully dissent regarding the issue of adultery. *Page 682 
I must also dissent regarding the husband's final issue concerning the alimony and property awards. Regardless whether adultery is utilized as the grounds for the divorce, evidence of the conduct of the parties may be considered, inter alia, by the trial court in fashioning its awards. Jordan v. Jordan,547 So.2d 574 (Ala.Civ.App. 1989), Lones v. Lones, 542 So.2d 1244
(Ala.Civ.App. 1989), and Coby v. Coby, 489 So.2d 597
(Ala.Civ.App. 1986). Even if a divorce is granted on the grounds of incompatibility, a trial court may consider fault when making a division of property. Lutz v. Lutz, 485 So.2d 1174
(Ala.Civ.App. 1986). The instant record is replete with evidence, including the husband's own testimony, regarding the husband's attitude towards the marital commitment, his treatment of his wife, and his preference for other women during the marriage.
There are many other factors which a trial court may consider in making its awards, including the duration of the marriage, the ages and health of the parties, their station in life, their future prospects, their earning capacities, and the marital properties. The record includes ample evidence regarding such factors. See Waid and Carnaggio. After thoroughly reviewing the entire record with the attendant legal presumptions, I am not persuaded that the trial court abused its discretion in making the alimony award and the property division. There is sufficient evidence in the record to support the trial court's judgment regarding its alimony award and property division notwithstanding the adultery determination; therefore, I would affirm as to this issue. Consequently, I must respectfully dissent.