I must respectfully dissent to that portion of the opinion which reverses the trial court's determination regarding the division of the husband's retirement accounts. Judgments of a trial court, which are based on ore tenus evidence, come to this court clothed with a presumption of correctness if supported by the evidence. Waid v. Waid, 540 So.2d 764
(Ala.Civ.App. 1989). Although a trial court's judgment may be subject to revision when error is found, we are not allowed to substitute our judgment for that of the trial court absent an abuse of discretion. Beckwith v. Beckwith, 475 So.2d 575
(Ala.Civ.App. 1985). See also Seamon v. Seamon 587 So.2d 333
(Ala.Civ.App. 1991).
In the case sub judice, the voluminous record discloses that the trial court heard eight days of testimony and considered the extensive discovery made by the parties. There is ample evidence in the record regarding, inter alia, the marital properties, the great disparity in the parties' earning capacities, their future prospects, and the wife's health. Although the husband was awarded over half of the marital property, the trial court also awarded the wife substantial assets and substantial periodic alimony, which may be modified in the future. In its decision to reverse that portion of the property division regarding retirement benefits, the majority opinion seems to place some importance on "the husband's adulterous conduct." While there is evidence that the husband's adulterous conduct may have contributed to the breakdown of the marital relationship, there is other evidence disclosing that the offending conduct, much of which was condoned by the wife, has been consistent throughout this thirty-year marriage. Thus, there is evidence in the record from which the trial court could have concluded that adultery was not a precipitating cause of the divorce. While it is not necessary that the trial court specify the grounds for the divorce, it is noteworthy that the trial court order does not indicate adultery or any other fault grounds as reasons for granting the divorce. The record contains ample evidence regarding the behavior of both parties for the trial court to consider in fashioning its awards, and it is not the function of this court to reweigh that evidence.
A division of property that favors one party over another is not in and of itself an abuse of discretion. Jordan v. Jordan547 So.2d 574 (Ala.Civ.App. 1989). This court only considers whether the property division is equitable, not whether it is equal. Jordan, supra. Considering the proper factors and the broad discretion of the trial court in such matters, there is evidence supporting the trial court's determination regarding the division of the retirement accounts. The division *Page 297 
of those accounts, when considered with the judgment in its entirety, is not so disparate as to amount to a plain and palpable abuse of discretion. Even if this court may have made a different division of the accounts, absent an abuse of discretion, the law does not allow a substitute judgment. Although the wife has cancer and faces the possibility of large medical expenses in the future, the current periodic alimony award of $4,250 per month is subject to being increased, based upon her increased needs in the future.