I am compelled to write specially to point out that this court stated in Carnaggio v. Carnaggio, 475 So.2d 861
(Ala.Civ.App. 1985) that: "As far as practical, the purpose of alimony is to preserve the economic status quo of the parties as it existed during the marriage." Id. at 863 (emphasis added). It is seldom, if ever, practical for either party to a divorce to maintain such status quo.
The statement in the majority opinion regarding the generally accepted purpose of alimony is an incomplete statement of the law from Carnaggio and is contrary to the stated purpose for periodic alimony in cases decided by this court since Carnaggio. The general purpose of periodic alimony is to provide support to the dependent former spouse until she becomes self-supporting. Harris v. Harris, 543 So.2d 1203
(Ala.Civ.App. 1989); Allen v. Allen, 477 So.2d 457
(Ala.Civ.App. 1985).
I agree that the trial court should have reserved the right to award periodic alimony to the wife in the future should the wife's physical condition worsen and she becomes dependent. This court has recognized since Carnaggio was decided that the sole purpose of periodic alimony is the support of thedependent former spouse. Newton v. Newton, 655 So.2d 1033
(Ala.Civ.App. 1995); Trammell v. Trammell, 589 So.2d 743
(Ala.Civ.App. 1991); Waltman v. Waltman, 528 So.2d 867
(Ala.Civ.App. 1988); Allen, supra.
MONROE, J., concurs. *Page 777