MOORE, Judge.
Eric Maurice Jackson (“the husband”) appeals from a divorce judgment entered by the Bessemer Division of the Jefferson *1255 Circuit Court (“the trial court”) on the ground that the judgment inequitably divides the marital estate. We affirm the trial court’s judgment.
The divorce judgment awards Debbie Maria Jackson (“the wife”) the marital home; a 2014 Chevrolet Cruz; her clothing, jewelry, and other personal property in her possession; specific personal property, identified on a list; and the financial accounts maintained in her name. The divorce judgment awards the husband a lot in Pleasant Grove, a 2004 Lincoln Navigator (subject to the condition that he transfer the title to his own name within 30 days), and the financial accounts maintained in his name. The divorce judgment does not place any values on the property awarded. The husband filed a motion to alter, amend, or vacate the divorce judgment, arguing that the trial court had erred in awarding the wife the marital home. The trial court denied the post-judgment motion, and the husband timely appealed.
The appellate record, which the clerk of the trial court certified as complete on December 16, 2015, does not contain a transcript of the ore tenus trial proceedings. The husband contends that no court reporter attended the trial to transcribe the testimony. The husband filed a motion to supplement the record to include discussion of, and citation to, the exhibits introduced at trial, which this court granted on March 22, 2016. Because the husband had already filed his brief on March 8, 2016, the court ordered that he could amend his brief to include the evidence contained in the exhibits. After the trial-court clerk supplemented the record with the exhibits, the husband did not amend his brief. Instead, on April 13, 2016, he filed a motion for leave of this court to file out of time a statement of the evidence pursuant to Rule 10(d), Ala. R.App. P. This court denied that motion. Thus, the record contains neither a transcript nor a statement of the evidence as established by the testimony and exhibits introduced at trial.
The husband argues on appeal that the trial court exceeded its discretion by failing to award the husband any interest in the marital home, by awarding him only the Pleasant Grove lot in its division of the real property, and by awarding the wife an inequitable share of the marital estate. In making those arguments, the husband maintains that the equity in the marital home is $235,000, that the Pleasant Grove lot is an abandoned lot with a net equity of $8,000, and that he received only 5% of the value of all the property in the marital estate. Due to the absence of a transcript or a Rule 10(d) statement of the evidence, the husband does not cite any evidence that supports those assertions or valuations.
In Falkenburg v. Falkenburg, 549 So.2d 502 (Ala.Civ.App.1989), this court faced a similar situation. The court stated:
“The principle that property division is discretionary with the trial court is well established. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App. 1987); Carnaggio v. Carnaggio, 475 So,2d 861 (Ala.Civ.App.1985). The trial court has the power to use any reasonable means to effect a just distribution of property. West v. West, 437 So.2d 583 (Ala.Civ.App.1983). The only requirement governing its exercise of discretion in this area is that the division of property must be equitable. Equal distribution is not mandated. Camaggio, supra. Furthermore, even though this court might have reached a different decision than that reached by the trial court, such does not constitute a basis for our reversal of the trial court, which heard the evidence and observed the *1256 witnesses. Jordan v. Jordan, 523 So.2d 1,078 (Ala.Civ.App.1988). The wife argues that the trial court’s failure here to award the residence to her constituted error. This court is authorized to disturb the trial court’s decision in that regard only if it is unsupported by the evidence and, therefore, is unjust and palpably wrong. Austin v. Austin, 408 So.2d 138 (Ala.Civ.App.1981).
“Unfortunately, the testimony in this ■case is not before us. No court reporter was present at the trial; consequently, there is no transcript. Even so, the wife could have prepared a statement of the evidence or proceedings in accordance with the procedure outlined in Rule 10(d),. Alabama Rules of Appellate Procedure, but she did not do so. The record on appeal contains only the clerk’s record.
[[Image here]]
“Nevertheless, the wife argues on appeal that the trial court’s decree, which is based, at least in part, on evidence presented ore tenus, is plainly and palpably wrong; therefore, appellate reversal on such ground must be based on the conclusion that the evidence virtually compels a result inconsistent with the trial court’s decision. Adams v. Adams, 335 So.2d 174 (Ala.Civ.App.1976), We find, however, that we cannot make such a determination where none of the oral testimony is communicated to us. When oral testimony was considered by the trial court in reaching its decision and this testimony is not present in the record as either a transcript or Rule 10(d) statement, it must be conclusively presumed that the testimony is sufficient to support affirmance. Adams, supra. We agree with the following conclusion as stated in Adams:
“ ‘Under [the Alabama Rules of Appellate Procedure] it is not necessary to submit the entire transcript; however, there is a minimum below which an appellant who bases his argument on the weight and sufficiency of the evidence may not fall and still present a reviewable issue. The complete absence of any transcript or 10(d) statement of oral testimony falls below such a minimum.’
“335 So.2d at 177.
“In view of the foregoing, we cannot say that the trial court’s division of property in this case is inequitable so as to constitute a palpable abuse of discretion. The judgment of the trial court is due to be affirmed.”
549 So.2d at 503-04.
Unlike in Falkenburg, in this case the husband did file a motion for leave of court to file a statement of the evidence on April 13, 2016. However, he did not follow the procedure outlined in Rule 10(d), which provides, in pertinent part:
“If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant’s recollection. If the appellant prepares such a statement, the appellant shall serve it on the appellee within 28 days (4 weeks) after filing the notice of appeal.... ”
The husband filed his notice of appeal on September 25, 2015, making his statement of the evidence due by October 23, 2015. This court may “for good cause shown” suspend the deadlines contained in Rule 10(d), see Rule 2(b), Ala. R.App. P.; however, in this case, the court did not find good cause for the failure of the husband to comply with Rule 10(d).
The court suspended the rules on March 22, 2016, when it ordered the clerk of the trial court to supplement the record *1257 to include the trial exhibits after the husband had already filed his appellant’s brief to this court. After reviewing the exhibits, the husband’s appellate counsel moved this court to suspend the rules again to allow the husband to file a Rule 10(d) statement of the evidence. In that motion, the husband’s appellate counsel stated that he had been misled by the husband and the husband’s trial counsel regarding the content of the exhibits, which did not contain the evidence appellate counsel had “anticipated” would prove the value of the marital property. However, the husband’s appellate counsel did not explain why, in light of the fact that no transcript of the trial proceedings was made, any confusion about the exhibits could not have been settled in time to comply with Rule 10(d). This court found no good cause to suspend the rules a second time to initiate the Rule 10(d) procedure.
The husband also argued in his April 13, 2016, motion, without citation to any authority, see Rule 27(a), Ala. R. Civ. P., that his right to due process would be violated if this court did not grant his untimely request to initiate the Rule 10(d) procedure. However, the husband had an opportunity to comply with Rule 10(d) and failed to do so without good reason. This court did not deprive the husband of due process by enforcing the appellate rules.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.