This proceeding was initiated by the wife when she filed a complaint seeking divorce on the grounds of adultery and physical cruelty. Following an ore tenus proceeding, the trial court granted the divorce and effected a property settlement. The wife appeals, contending that the amount of the assets and alimony in gross awarded to her constitutes an abuse of the trial court's discretion, particularly in view of the husband's adultery.
It is axiomatic that alimony awards and property division are discretionary with the trial court. Montgomery v. Montgomery,519 So.2d 525 (Ala.Civ.App. 1987); Carnaggio v. Carnaggio,475 So.2d 861 (Ala.Civ.App. 1985). We are authorized to disturb the trial court's decision only if it is unsupported by the evidence and, therefore, is unjust and palpably wrong. Austinv. Austin, 408 So.2d 138 (Ala.Civ.App. 1981). Because alimony awards are interwoven with the division of assets, the entire judgment must be considered in order to determine whether the trial court abused its discretion. Montgomery, supra.
There are no fixed standards or mathematical formulae for determining alimony or dividing property, Brand v. Brand,444 So.2d 866 (Ala.Civ.App. 1984). Instead, trial courts should consider many factors in making such awards. Included are the age, sex, and health of the parties, the length of their marriage, their future prospects and station in life, their standard of living and each party's potential for maintaining that standard after the divorce, the value and type of property they own, and the source of their common property. Young v.Young, 515 So.2d 32 (Ala.Civ.App. 1987); Lutz v. Lutz,485 So.2d 1174 (Ala.Civ.App. 1986); Jones v. Jones, 454 So.2d 1006
(Ala.Civ.App. 1984). Each party's earning capacity should be examined, including his or her training, education, experience, employment history, and earning record. Jones, supra. In appropriate cases, the conduct of the parties with reference to the cause of the divorce should also be evaluated. Lutz, supra;Reynolds v. Reynolds, 376 So.2d 732 (Ala.Civ.App. 1979).
The parties in the instant case are in their early fifties and were married for over thirty years. They have three children, all of whom are now adults. The husband has a college education and has owned and operated a pest control business since 1959. He testified that he draws an annual salary of $20,000, but it is also clear that he has always supplemented his salary at will from the profits of the business. The wife has a high school education and was a homemaker throughout most of the marriage. She also did some of the bookkeeping for her husband's business and assisted in the office from time to time. She was not employed at the time of the trial. The evidence also revealed that the husband had engaged in an extramarital affair of several years' duration with a former employee.
The trial court awarded alimony in gross to the wife in the amount of $500.00 per month for five years. She was also awarded the marital residence and its furniture and furnishings, plus 40 percent of a certificate of deposit and half of the proceeds from the sale of a lot and some stock. The *Page 77 
trial court awarded the pest control business to the husband, which included two parcels of real property, his stock in the business, and stock he owned in another corporation with which he had recently merged his company. The husband was also awarded a parcel of real property adjacent to property owned by his father, 60 percent of the certificate of deposit, and the other half of the proceeds from the lot and stock sales. The husband was ordered to maintain medical insurance for the wife and to pay all marital debts, including a loan secured by the marital residence.
We will first address the property settlement. The trial court in a divorce case has wide discretion in making a property division and has the power to use any reasonable means to effect a just distribution. West v. West, 437 So.2d 583
(Ala.Civ.App. 1983). This court has stated in numerous cases that the only requirement governing the trial court's exercise of discretion in this area is that the division of property must be equitable. Equal distribution is not mandated. Furthermore, even though this court might have reached a different decision than that reached by the trial court, such does not constitute a basis for our reversal of the trial court which heard the evidence and observed the witnesses. Jordan v.Jordan, 523 So.2d 1078 (Ala.Civ.App. 1988). In view of the foregoing, we cannot say that the trial court's division of property in this case is inequitable so as to constitute a palpable abuse of discretion.
We do, however, find that the trial court's award of alimony is palpably wrong. Its failure to provide for the wife's support after the five-year period fails to adequately consider such factors as the potential earning capacities of the parties, the duration of the marriage, and the standard of living to which they became accustomed during the marriage. The effect of such inadequate alimony provision runs counter to the generally accepted purpose of alimony, which is to preserve the economic status quo of the parties as it existed during the marriage. See Carnaggio v. Carnaggio, supra. These factors gain added support in favor of the wife when proper consideration is given to her role as wife, mother, and homemaker, who also contributed time and support to the family business, which has been awarded to the husband.
The inadequacy of the alimony awarded by the trial court is further highlighted by the wife's potential inability to support herself after the $500.00 per month alimony in gross terminates in five years. She has little or no skill in the job market. She has no education beyond high school. The reverse side of this coin reflects the husband's prospects for increased financial wealth as excellent. The trial court awarded him a successful pest control business with considerable growth potential, particularly in view of his educational background in the science of entomology.
Our consideration of the circumstances of this case leads us to conclude that the present award of alimony to the wife is inadequate. It fails to provide for her after the five-year period, when she will most likely need financial support. We find that the trial court abused its discretion in failing to reserve the right to award periodic alimony to the wife in the future, based upon the evidence before it. Coby v. Coby,489 So.2d 597 (Ala.Civ.App. 1986); Sprinkle v. Sprinkle,441 So.2d 974 (Ala.Civ.App. 1983). If a trial court does not either award periodic alimony in the divorce decree or reserve the right to do so upon future consideration, its power to grant alimony is permanently lost. Coby, supra. We, therefore, reverse on this ground. On remand, the trial court is ordered to amend the divorce decree so that the right to award periodic alimony to the wife is reserved.
The wife is awarded an attorney's fee on appeal in the amount of $750.00.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.
HOLMES, P.J., and ROBERTSON, J., concur. *Page 78