This is a divorce case.
Marion Edward Craft (husband) filed a complaint for divorce against Carole Lee Craft (wife). Following ore tenus proceedings, the trial court divorced the parties and effected a property division. The trial court's order did not address the matter of periodic alimony. The wife's post-judgment motion was denied; hence, this appeal.
The wife first contends that the trial court erred in its division of property. When a trial court receives ore tenus evidence in a divorce proceeding, its judgment is presumed correct if it is supported by the evidence. Waid v. Waid,540 So.2d 764 (Ala.Civ.App. 1989). Absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court. Beckwith v. Beckwith, 475 So.2d 575
(Ala.Civ.App. 1985).
The record reveals that the parties are in their early fifties, that they had been married for over 30 years, and that they have three adult children. The husband testified that he is a retired Alabama state trooper, and that he currently receives monthly retirement benefits and a small amount of income from a annuity fund, as well as income from his current employment as a security guard. The wife testified that, for the first 17 years of the marriage, she stayed at home to care for the parties' children, that she has been employed by the City of Monroeville for 15 years, and that she would be eligible to receive retirement benefits in approximately 10 years.
The law is well settled concerning the issue of a property division pursuant to a divorce. A trial court's discretionary ruling on that issue will not be disturbed on appeal except for a palpable abuse of discretion. Montgomery v. Montgomery,519 So.2d 525 (Ala.Civ.App. 1987). The division of property is not required to be equal, but it must be equitable in light of the evidence considering the proper factors. Montgomery,supra. What is equitable is a discretionary determination by the trial court. Ross v. Ross, 447 So.2d 812 (Ala.Civ.App. 1984). Furthermore, in determining its awards in a divorce action, the trial court may consider many factors, including the earning capacity of the parties, their future prospects, their ages and health, the length of the marriage, the value and type of property involved, and the conduct of the parties regarding the cause of the divorce. Lutz v. Lutz,485 So.2d 1174 (Ala.Civ.App. 1986). Although this court may have reached a different decision than that reached by the trial court, that fact is not a basis for reversing the trial court's judgment. Grimsley v. Grimsley, 545 So.2d 75 (Ala.Civ.App. 1989).
The trial court had ample information regarding the financial conditions of the parties, the marital assets, and the other proper factors. Its division of property in this case adequately addresses its consideration of those factors. In light of our standard of review, we cannot say that the trial court's judgment regarding the division of property constitutes an abuse of discretion.
The wife next contends that the trial court abused its discretion in not reserving the right to award periodic alimony in the future. The purpose of periodic alimony is to preserve the status quo of the parties as it existed during the marriage. Grimsley, supra. If a trial court does not award periodic alimony or if it does not reserve the right to award it in the future, its power to award alimony is forever lost.Grimsley, supra.
The trial court failed to award periodic alimony, and it failed to reserve the right to award alimony in the future. The wife's post-judgment motion, which in part specifically requested that the trial court reserve the issue of alimony for future consideration, was denied. The record reveals that *Page 783 
the husband's current income exceeded the wife's income, and that the wife had been a full-time homemaker and mother for 17 years, while the husband contributed to his retirement plan. The wife requested periodic alimony to assist in supporting her, at least until she retired. She expressed concern in the event of illness or disability before her retirement eligibility. Issues regarding property division and alimony awards are interrelated, and in determining whether the trial court abused its discretion regarding either of those issues, this court must consider the entire judgment. Montgomery, supra.
Our review of the evidence reveals that the trial court abused its discretion in denying the wife's request to reserve the issue of periodic alimony. This is true particularly in light of the interrelated issue of the property division and several factors, including the length of the marriage, the respective earnings of the parties, the disparity in the potential earning capacities of the parties, and the possibility that the wife could become incapacitated before becoming entitled to her own retirement benefits, necessitating support at that time. See Tuggle v. Tuggle,582 So.2d 1132 (Ala.Civ.App. 1991); Grimsley, supra; and Coby v.Coby, 489 So.2d 597 (Ala.Civ.App. 1986). Accordingly, that portion of the judgment must be reversed for the trial court to enter an order reserving the power to award alimony in the future, should circumstances warrant.
Finally, the wife contends that the trial court abused its discretion in refusing to grant her motion to compel the husband to answer an interrogatory regarding an extramarital affair. Her motion had not been ruled upon at the time of trial, and the husband invoked his Fifth Amendment privilege against self-incrimination. The wife contends that the husband's answer was relevant to the issue of fault. She correctly asserts that in making an award of alimony or a property division, the trial court may consider the conduct of the parties in relation to the cause of the divorce.Lutz, supra. Our Supreme Court, however, has held that a trial court's error in compelling a husband to testify regarding his extramarital affair after his invocation of the privilege against self-incrimination was so prejudicial as to require reversal. In re Vail, 360 So.2d 992 (Ala. 1978).
Other evidence regarding the husband's conduct in regard to the cause of the divorce, including evidence regarding his prior admission to an extramarital affair, was presented to the trial court for its consideration in making its awards. Even if the trial court erred in refusing to compel the husband to answer the interrogatory, that error would have been harmless. Rule 45, A.R.App.P.
Based upon the foregoing, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded with instructions for the trial court to enter an order consistent with this opinion.
The wife's request for an attorney fee on appeal is granted in the amount of $500.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.