Following oral proceedings, the Circuit Court of Houston County entered a final judgment of divorce and ordered a division of the parties’ property. The wife appeals, contending that the trial court abused its discretion in failing to award her periodic alimony and in failing to award her a reasonable sum as alimony in gross.
The award of periodic alimony and the division of marital property are matters of judicial discretion, and the trial court’s judgment will not be reversed on appeal except for palpable abuse. Grimsley v. Grimsley, 545 So.2d 75 (Ala.Civ.App.1989). Factors which the trial court should consider in determining an award of alimony and in dividing marital property include the future prospects of the parties; their ages, health, station in life, and the length of the marriage; and, in appropriate situations, the parties’ conduct with reference to the cause of the divorce. Grimsley. The purpose of periodic alimony is to support the former dependent spouse. Trammell v. Trammell, 589 So.2d 743 (Ala.Civ.App.1991).
The husband, who was 46 years old at the time of trial, is self-employed. He testified that his monthly income from his printing business for 1994 was approximately $3,600. He testified that he has no other income from any other source.
The wife worked the majority of the marriage. She was instrumental in starting the husband’s business. She worked in the printing business from 1985 through 1990. In 1990 the wife returned to school and earned a bachelor’s degree in education. At the time of trial, she had been accepted into a program to earn her master’s degree. The wife secured a teaching position for the 1994-95 school year. She worked in that position for approximately four weeks before she resigned. At the time of the hearing she was working full-time at Parisian’s department store, earning approximately $880 per month. She acknowledged that she intended to pursue another teaching position and that she would earn a minimum of $23,000 annually upon securing such position.
The parties acknowledge that their home is the only substantial asset that has been accumulated during their marriage. The home has a $19,000 outstanding mortgage attached to it. The monthly payments are $314. The home is valued at approximately $75,000 to $80,000.
The parties were granted joint custody of the daughter, with the wife having primary physical custody. The husband was ordered to pay $579 per month in child support. The wife was awarded the right to occupy the marital home until the daughter graduates from high school. At that time, the home is to be sold, with the wife receiving 65% of the proceeds and the husband receiving 35% of the proceeds. The wife was required to maintain the mortgage payments. The wife was awarded all the furnishings. The husband was ordered to make the monthly payments on the wife’s 1993 Honda until the balance of $11,000 is paid. The wife was awarded her savings account, which contained $5,400, and half of the parties’ investment account, which contained approximately $5,000. The husband was awarded all ownership and interest in the printing business.
After a careful review of the record, we find no error in the trial court’s refusal to grant alimony in gross or periodic alimony. We cannot say that we would have arrived at the same conclusion had we been in the trial court’s position. However, in view of the wife’s independent earning ability, we cannot say that the trial court abused its discretion. This court is prohibited from substituting its judgment for that of the trial court unless there is clearly an abuse of discretion evident from material evidence. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App.1985).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court -under the provisions of § 12 — 18—10(e), Code 1975.
AFFIRMED.