669 So.2d 195 (1995)
Mildred E. DUCKETT
v.
Ted L. DUCKETT.
2940501.
Court of Civil Appeals of Alabama.
September 22, 1995.
*196 Ruth S. Ezell of Legal Services Corporation of Alabama, Inc., Gadsden, for Appellant.
James A. Wear, Fort Payne, for Appellee.
THIGPEN, Judge.
This is a divorce case.
After approximately 23 years of marriage, Ted L. Duckett filed a complaint for divorce from Mildred E. Duckett, alleging an incompatibility of temperament. The husband requested, among other things, that he be awarded the marital residence and acreage, the contents of the residence, a vehicle, and custody of the minor child. The wife answered and counterclaimed, alleging that the husband had been physically violent toward her during the marriage. She sought, among other things, custody of the minor child, child support, alimony, an equitable share of the marital property, attorney fees, and a temporary restraining order. She subsequently amended her counterclaim to seek one-half of the husband's retirement savings plan.
Following ore tenus proceedings, the trial court divorced the parties and, inter alia, awarded custody of the minor child to the husband, ordered the wife to pay child support in the amount of $30 per week, awarded the wife $22,500 as a property settlement, awarded the marital residence to the husband, divided the personal property, reserved the issue of post-minority support, and denied other relief. The wife's post-judgment motion was denied by operation of law, and she appeals.
*197 The wife raises two issues: (1) whether the trial court erred in its division of the marital property; and (2) whether the trial court erred in failing to award alimony, or reserving the right to award alimony in the future.
It is well established that the ore tenus rule affords a presumption of correctness to the judgment of the trial court; that presumption is based, in part, on the trial court's ability to observe the parties and witnesses firsthand and to judge their credibility. Hall v. Mazzone, 486 So.2d 408 (Ala. 1986). The issues concerning a property division and alimony, whether periodic or in gross, are within the sound discretion of the trial court, and its judgment on these issues will not be reversed unless it is unsupported by the evidence and palpably wrong. Brown v. Brown, 586 So.2d 919 (Ala.Civ.App.1991); see also Sketo v. Sketo, 608 So.2d 759 (Ala. Civ.App.1992). Further, issues regarding alimony and property division are interrelated, and in determining whether the trial court abused its discretion regarding either issue, this court must consider the entire judgment. Montgomery v. Montgomery, 519 So.2d 525 (Ala.Civ.App.1987). Additionally, absent an abuse of discretion, we are not permitted to substitute our judgment for that of the trial court in a divorce action. Beckwith v. Beckwith, 475 So.2d 575 (Ala.Civ.App.1985).
The record reveals the following pertinent facts. The husband had worked continuously during their marriage and earns in excess of $30,000 annually. The wife had worked outside of the home some during the course of the marriage, but had primarily been a homemaker. At the time of the hearing, the wife was earning approximately $647 per month and was also attending college two days a week. The marital home, which was debt-free, had been appraised for approximately $55,000.
The wife contends that the trial court abused its discretion by making what she says is an inequitable division of the marital assets. Specifically, she argues that she should have been awarded some portion of the husband's pension plan and a larger share of the equity in the home. In support of her position, she argues that the trial court failed to consider that she is 42 years old, that she has not yet finished college, and that she has a limited earning potential when compared to the husband.
We are mindful that in determining awards in a divorce action, the trial court may consider many factors, including the length of the marriage, the earning capacity of the parties, their future prospects, their ages and health, the value and type of their property, and the conduct of the parties regarding the cause of the divorce. Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App.1986). Additionally, property divisions are not required to be equal, but must be equitable in light of the evidence, and the determination as to what is equitable rests within the sound discretion of the trial court. Montgomery, 519 So.2d 525. As indicated, the wife was awarded $22,500 as a property settlement, to be paid within 60 days of the judgment, and she was awarded the personal property that she requested, including her automobile. There are no fixed standards for determining a property division, and record evidence supports the trial court's determination regarding the property division. Even if this court would have determined a different division, a thorough review of the record discloses no abuse of discretion in the trial court's distribution of the property.
The wife also contends that the trial court abused its discretion by failing to award alimony or by failing to reserve the right to award alimony in the future. The purpose of periodic alimony is to preserve the economic status of the parties as it existed during the marriage. Grimsley v. Grimsley, 545 So.2d 75 (Ala.Civ.App.1989). In light of the interrelationship of the issues of alimony and the division of property, and considering the appropriate factors, we cannot say that the trial court abused its discretion in denying an award of periodic alimony to the wife at this time.
We conclude, however, that the trial court abused its discretion by failing to reserve the right to order periodic alimony in the future. It appears that the trial court failed to adequately consider the wife's potential earning capacity as compared to the husband's. The wife's role in this marriage *198 as primary homemaker has afforded her little opportunity to develop skills or job experience that she may need to support herself in the future. This is particularly true in light of the length of their marriage, the disparity in the parties' current and potential incomes, and the fact that the parties agreed for the wife to stay at home and rear their child during a portion of their marriage. When a trial court does not reserve the right to award periodic alimony in the future, it is forever lost. Grimsley, 545 So.2d 75. Accordingly, we must reverse and remand for the trial court to enter an order reserving the right to award alimony in the future, if needed.
For the foregoing reasons, that portion of the judgment involving periodic alimony and the division of the property is affirmed; however, we reverse the trial court's judgment to the extent that it failed to reserve the right to award alimony in the future, and we remand the cause for an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs in part and dissents in part.
MONROE, Judge, concurring in part and dissenting in part.
I would affirm the judgment of the trial court on all issues; therefore, I respectfully dissent from that portion of the majority's opinion reversing the trial court and remanding this cause for the trial court to take further action.
The majority says that the trial court abused its discretion by not reserving the right to order periodic alimony in the future, and it reversed the trial court on that issue. The majority says that the trial court apparently failed to adequately consider the wife's potential earning capacity as compared to the husband's. However, the majority also finds that the trial court did not abuse its discretion in not awarding periodic alimony at the outset.
The record shows that the wife is attending college classes in order to further her education. It is possible that the trial court determined that, as a result of her furthering her education, the wife may be able to earn a larger salary in the future. Additionally, the wife was awarded $22,000 as a property settlement. The trial court specifically reserved the issue of post-minority support.
After reviewing the evidence, I do not believe that the trial court's decision not to reserve the issue of periodic alimony rises to the level of abuse of discretion. The trial court is presumed to know and follow the law. The trial court could have had any number of reasons for not reserving this issue. The judgment of the trial court should be affirmed absent a clear abuse of discretion. In reviewing the record in this case, I could find no clear abuse of discretion on the trial court's part. Therefore, I would affirm the trial court as to each issue presented in this case.