Following seven years of marriage, William Paul Dodd filed a complaint for divorce against Geraldine C. Dodd in November 1993, alleging incompatibility and requesting a property division. The wife counterclaimed for divorce, alleging incompatibility and requesting periodic alimony, a property division, and an attorney fee. Following the presentation of ore tenus evidence, the trial court divorced the parties, made a property division, and awarded the wife no periodic alimony.
The wife appeals, arguing (1) that the trial court erred in not awarding her periodic alimony and (2) that the trial court made an inequitable property division.
When evidence is presented ore tenus in a divorce case, the judgment of the trial court is presumed correct, and this court will not reverse absent a finding of a plain and palpable abuse of discretion. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985). The issues of periodic alimony and property division are within the discretion of the trial court. Id.
Absent a showing of an abuse of discretion, the trial court's judgment regarding these issues will not be reversed. Id.
Questions of property division and periodic alimony are considered together to determine whether the divorce judgment is equitable. Parrish v. Parrish, 617 So.2d 1036
(Ala.Civ.App. 1993).
The wife first argues that the trial court erred in not awarding her periodic alimony. The trial court considers each spouse's earning ability, age, health, and conduct, and the length of the marriage, in deciding whether to award periodic alimony and in determining the amount of periodic alimony.Martin v. Martin, 624 So.2d 192 (Ala.Civ.App. 1993).
At the time of the trial, the wife was 63 years old. She had not been employed for several years, and she testified that her health prevents her from obtaining employment. The wife testified that she suffers from high blood pressure, arthritis, and severe back problems. She further testified that her back problems prevent her from performing home maintenance tasks and that she relies on hired help for yard work. The wife also testified that throughout the marriage she attended to several of her husband's ill relatives and that she performed most of the housework. Upon the marriage of these parties, the wife relinquished the health insurance coverage she had had following her previous marriage, and, although the husband agreed to purchase her an individual *Page 917 
health insurance policy, he later refused to do so because of the expense.
After considering the relevant factors, especially the wife's lack of employment prospects, and her possible future health problems, we determine that the trial court erred by not at least reserving the issue of periodic alimony. Duckett v.Duckett, 669 So.2d 195 (Ala.Civ.App. 1995); Pilgrim v.Pilgrim, 596 So.2d 942 (Ala.Civ.App. 1992); Grimsley v.Grimsley, 545 So.2d 75 (Ala.Civ.App. 1989). We also note that the wife received almost no assets in the property division and that she will possibly become indigent without some means of obtaining support should her needs change.
The wife further argues that the trial court made an inequitable property division. The factors that the trial court considers in making a property division include each spouse's earning ability, age, health, and conduct, and the length of the marriage. Welch v. Welch, 636 So.2d 464 (Ala.Civ.App. 1994). A property division does not have to be equal in order to be equitable. Sketo v. Sketo, 608 So.2d 759 (Ala.Civ.App. 1992).
The trial court awarded each party his or her property in his or her possession. As a result, the husband received the marital home; several certificates of deposit, totalling over $200,000 dollars; and several acres of land. The wife received a rental house she had owned before the marriage, an automobile, and her checking account. The husband testified that he paid several debts that the wife had incurred before their marriage. We find no abuse of discretion in the trial court's division of property, especially considering the short duration of the marriage and the fact that the husband's life-long savings and an inheritance constituted almost all of the marital property.
We affirm the trial court's judgment as to the division of property, but we reverse the trial court's judgment to the extent that it failed to reserve the right to award alimony, and we remand the cause to the trial court for the entry of a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.