CRAWLEY, Judge,
concurring in the result.
I do not agree that not awarding the wife periodic alimony at this time is an abuse of discretion. I do conclude that the trial court abused its discretion by not reserving the issue of periodic alimony so that the wife can later petition the court for a modification to establish an award of periodic alimony based upon a change in her circumstances. See Crenshaw v. Crenshaw, [Ms. 2991137, May 4, 2001] — So.2d - (Ala.Civ.App.2001) (holding that the standard to be applied upon petition to begin receiving periodic alimony after the issue had been reserved in the divorce judgment is the standard required for a petition to modify rather than the standard required for an initial request for periodic alimony). See also Paulson v. Paulson, 682 So.2d 1060 (Ala.Civ.App. 1996) (holding that the trial court abused its discretion by failing to at least reserve the issue of periodic alimony); and Dodd v. Dodd, 669 So.2d 915 (Ala.Civ.App.1995) (same).
MURDOCK, J., concurs.