PITTMAN, Judge.
On March 9, 2001, Linda Bradshaw Love Childree (“the wife”) sued Billy Joe Childree (“the husband”) for a divorce. The husband and the wife married in 1989; at that time they had no real assets. However, through their joint efforts they acquired significant assets with few liabilities. They had no children. The couple owned two acres on which were located their double-wide mobile home and their business, Wicksburg Tractor Repair. They also owned three lots (for which they paid $22,300 and on which they still owed $1,100) near Lake Eufaula, including one that had been improved with a mobile home and septic tank. The wife requested that the trial court award her one-half of the assets and one-half of the debts of the marital estate.
On April 4, 2001, the husband filed an answer and counterclaim. He requested that the trial court award him the marital home and the couple’s business and the tools associated with the business. He requested that the wife be responsible for paying the credit-card debt and that their other real property be sold and the proceeds split equally between the parties.
Following an ore tenus proceeding on May 30, 2001, the trial court entered a judgment of divorce on May 31, 2001. The judgment awarded the wife the following property: a 1989 Buick automobile, an antique table that had been her mother’s, a bedroom suite, a 52-inch television, a set of dishes and her Dale Earnhardt NASCAR racing memorabilia collection. The husband received the marital home and the business with all contents (except those items awarded to the wife), all other trucks and vehicles the couple owned, and the family boat, motor, and trailer. The trial court ordered the husband to pay all the marital debts, including any outstanding loans and credit-card bills. The trial court ordered the property at Lake Eufau-la to be sold and the proceeds to be split equally between the parties. The husband was ordered to pay one-half of the wife’s attorney fees, and the wife was ordered to pay the court costs.
The wife appeals, arguing that the trial court erred in determining the property division and in failing to award periodic alimony or to reserve the right to award alimony in the future.
A divorce judgment that is based on evidence presented ore tenus is afforded a presumption of correctness. See Robinson v. Robinson, 795 So.2d 729 (Ala.Civ.App.2001). This presumption is based primarily on the trial court’s ability to observe the parties and their demeanor and to assess their credibility during trial. Id. at 732-33. This court must consider issues of property division and alimony together when reviewing the decision of the trial court. See Albertson v. Albertson, 678 So.2d 118 (Ala.Civ.App.1995). The trial court has wide discretion over alimony and the division of property, and it may use whatever means are reasonable and necessary to divide the parties’ property equitably. See Grimsley v. Grimsley, 545 So.2d 75 (Ala.Civ.App.1989).
*638 When dividing marital property, the trial court should consider several factors, including the earning abilities of the parties, their future prospects, their ages and health, their conduct, the duration of the marriage, and the source, value, and type of the property. See Golden v. Golden, 681 So.2d 605 (Ala.Civ.App.1996). While the division need not be equal, it must be equitable, according to the particular facts and circumstances of the case. Id. at 608.
The testimony of both parties was that they had little property when they married, but during their marriage, they acquired a home, a business, and several parcels of real estate. They also completely furnished the home and purchased office equipment, a computer, and numerous tools for the business. The husband is 55 years old and the wife is 54. The wife testified that she quit her job to work with her husband after their marriage. She ran their repair shop and even learned to do some of the repairs. The husband stated that he sold his old trailer to make a downpayment on the double-wide mobile home that was the marital residence. He also stated that he sold some personal property to finish paying off the debt on the double-wide mobile home. On cross-examination, the husband stated that he and his wife had shared everything “SO-SO” and that they had jointly acquired the marital property that now must be divided.
The trial court’s judgment does not indicate its reasons for awarding the wife so little from the marital estate. Even if the actual cash paid for the marital residence was procured by selling some of the husband’s own assets, that fact alone does not turn the marital residence into the husband’s separate estate. The testimony of both parties established that the double-wide mobile home was “used regularly for the common benefit of the parties during their marriage.” See § 80-2-51 (a), Ala. Code 1975. Furthermore, the land, building, and contents of the couple’s business was clearly a marital asset, as confirmed by both parties’ testimony.
We would not need to scrutinize the property division so closely if the trial court had awarded the wife alimony to compensate her for contributing to the marital estate. The purposes of periodic alimony are to support a former dependent spouse and to maintain the status that the party being awarded alimony enjoyed during the marriage. See O’Neal v. O’Neal, 678 So.2d 161 (Ala.Civ.App.1996). When the trial court fails to award alimony or to reserve the right to do so in the future, its power to award alimony is permanently lost. See Kennedy v. Kennedy, 748 So.2d 487 (Ala.Civ.App.1999). See also Paulson v. Paulson, 682 So.2d 1060 (Ala.Civ.App.1994) (holding that the trial court erred by not reserving the issue of alimony); Dodd v. Dodd, 669 So.2d 915 (Ala.Civ.App.1995) (accord).
The wife stated that until 10 years ago she had a license in cosmetology, but she would have to go back to school to get a new license. Both parties testified that the wife had run the office of the family business, paying the business’s bills and even working in the shop for most of the marriage. At the time of the hearing, the wife was living with her son and babysitting in exchange for food, shelter, and transportation. The 1989 Buick was not working, so she relied on her son’s family for transportation.
Based on the wife’s status at the time of trial and considering the total marital assets of the couple, we are unable to determine how the trial court failed to award alimony, or at least to reserve the issue of alimony, or to award a larger portion of the marital assets to the wife. See Mayhann v. Mayhann, 820 So.2d 836 (Ala.Civ. *639 App.2001) (holding that the inequity of the property division and alimony award required reversal). We must reverse the judgment and remand this ease to the trial court to fashion an equitable distribution of the marital property and an equitable alimony award, or at least, to reserve the issue of alimony.
The husband’s request for an attorney’s fee is denied.
The wife’s request for an attorney’s fee is granted in the amount of $500.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., concurs.
CRAWLEY, THOMPSON, and MURDOCK, JJ., concur in the result.