In 1999, after 28 years of marriage, Jerry Foley ("the husband") sued Peggy Foley ("the wife") for a divorce, alleging incompatibility, and requesting an equitable division of the marital property. The husband and the wife married in 1971 and have no minor children. The wife answered the complaint; she also counterclaimed for a divorce, alleging incompatibility. She requested an equitable division of marital property and periodic alimony.
Following the presentation of ore tenus evidence, the trial court divorced the parties, divided the marital property and debts, and awarded the wife $1,200 monthly periodic alimony. Each party filed a postjudgment motion; the trial court granted part of the husband's motion and amended the periodic alimony award to the wife to $960 per month, and it denied the wife's motion.
The wife appeals. She argues that the trial court's award of periodic alimony was insufficient and its division of marital property and debts inequitable. The division of property and the award of alimony are interrelated, and the entire judgment must be considered in determining whether the trial court abused its discretion as to either issue. O'Nealv. O'Neal, 678 So.2d 161, 164, (Ala.Civ.App. 1996), citing Montgomery v.Montgomery, 519 So.2d 525, 526 (Ala.Civ.App. 1987).
The purposes of periodic alimony are to support a former dependent spouse and to maintain the status the party receiving the alimony enjoyed during the marriage. O'Neal, supra. When dividing marital property, the trial court should consider several factors, including the earning abilities of the parties, their future prospects, their ages and health, their conduct, the duration of the marriage, and the source, value, and type of the property. Golden v. Golden, 681 So.2d 605 (Ala.Civ.App. 1996).
The record indicates that the husband, who is 50 years old, is in good health and earns about $50,000 per year at BellSouth, where he has worked since 1973 — two years after the parties' marriage. At the time he filed for a divorce, the husband had a vested interest in the following retirement accounts in the following *Page 1093 
amounts: BellSouth Defined Benefit Pension Plan — $144,679.20; BellSouth Savings and Security Plan (401k) — $86,255.58; BellSouth Employee Stock Ownership Plan (PAYSOP) — $16,247.21; and BellSouth Stock Purchase/Investment Plan (ESIP) — $1,802.22. He is also eligible for Social Security benefits upon his attaining age 65.
The wife never graduated from high school, and she had not been regularly employed for 25 years. The wife testified that she has no job skills or training and that she does not qualify for Social Security retirement benefits. The wife testified that the husband has had several extramarital affairs during the course of the marriage and that he physically and verbally abused her throughout the marriage. He routinely called her "stupid," "ignorant," and "worthless." She related several specific incidents of physical abuse, including one that occurred in 1996, when he beat her so severely that he perforated her eardrum and caused a concussion. She also testified that in June 1999, while they were visiting their hunting property, the husband threatened to beat "the h--- out of [here]." When she reached for her pistol in self-defense, he grabbed it from her, and injured her thumb.
Dr. Harold Wayne Cox testified that he began treating the wife in 1992. He stated that he had treated her for injuries related to spousal abuse. He testified that the wife suffers from severe anxiety and depression. He also stated that because of her emotional problems and her permanent thumb injury she is unable to work. The wife testified that she needed at least $2,000 per month in alimony to support herself.
The trial court awarded the wife $960 in monthly periodic alimony, one-half of the husband's BellSouth Savings and Security Plan, and none of the husbands remaining retirement plans which are valued at over $150,000 and would provide the husband an income of $1,700 monthly beginning at age 65. The trial court also named her as beneficiary on a $50,000 life insurance policy to be maintained by the husband, and awarded her an automobile, various personal property and furnishings, and one-half of the proceeds from the sale of three parcels of real property, including the marital residence.
The wife's primary contention with the divorce judgment is the trial court's failure to award her any interest in the husband's BellSouth Defined Benefit Pension Plan, the Stock Ownership Plan, or the Stock Purchase/Investment Plan. Of all the husband's retirements accounts, which total approximately $250,000, the trial court awarded the wife just over $46,000 — a portion of only one of the husband's retirement accounts.
In Henderson v. Henderson, 800 So.2d 595, 599 (Ala.Civ.App. 2000), this court held that it was "inequitable to deny the wife a portion of the husband's retirement benefits after 34 years of marriage." In that case the wife had not worked outside the home in 10 years and did not have a retirement plan of her own. The facts in this case are quite similar.
The wife also argues that the periodic alimony award is insufficient. The record further reflects that the trial court initially awarded the wife $1,200 per month in periodic alimony but reduced that award to $960 per month in response to a postjudgment motion filed by the husband.
After thoroughly reviewing the record in light of the factors enumerated in Golden v. Golden, 681 So.2d 605 (Ala.Civ.App. 1996), we conclude that the trial court abused its discretion in its property division and its award of periodic alimony. The parties were married for 28 years, *Page 1094 
during which time the husband accumulated a substantial pension for the common benefit of the parties. The wife has not worked outside the home, does not have a high school education, has no prospects of future employment, and has no pension plan of her own. Furthermore, to achieve the well-established purposes of awarding alimony as discussed in O'Nealv. O'Neal, 678 So.2d 161 (Ala.Civ.App. 1996), the trial court must fairly apportion the marital assets in conjunction with an equitable award of alimony. We reverse the judgment of the trial court as to the award of periodic alimony and the division of the retirement accounts and remand the cause for the entry of an equitable order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
CRAWLEY, J., dissents.