In 1999, after 28 years of marriage, Jerry Foley ("the husband") and Peggy Foley ("the wife") were divorced by the Montgomery Circuit Court, and a portion of the marital property was divided in accordance with an agreement entered into by the parties. Following the presentation of ore tenus evidence, the trial court divided the marital property that was not included in the agreement and the debts of the marriage and awarded the wife $960 in monthly periodic alimony.
The wife appealed, arguing that the trial court's award of periodic alimony was insufficient and that its division of the marital property and debts was inequitable. Specifically, the wife complained of the trial court's failure to award her any portion of several of the husband's retirement accounts. The Court of Civil Appeals reversed the trial court's judgment as to the award of periodic alimony and the division of the retirement accounts, finding that the trial court had exceeded its discretion in its division of the retirement accounts and its award of periodic alimony. Foley v. Foley, 864 So.2d 1091 (Ala.Civ.App. 2002).
We find that the trial court's award of periodic alimony and property division was not plainly or palpably wrong. Therefore, we reverse the judgment of the Court of Civil Appeals.
 I. Facts
The record indicates that only the most basic facts were undisputed. The husband and wife married in 1971; they have no minor children. The husband, who is 50 years old and in good health, earns about $50,000 per year at BellSouth Telecommunications, Inc. The husband has worked at BellSouth since 1973 and he has a vested interest in several retirement accounts there: BellSouth Defined Benefit Pension Plan — $144,679.20; BellSouth Savings and Security Plan (401k) — $86,255.58; BellSouth Employee Stock Ownership Plan (PAYSOP) — $16,247.21; and BellSouth Stock Purchase/Investment Plan (ESIP) — *Page 1096 
$1,802.22. He is also eligible for Social Security benefits upon attaining age 65.
The wife never graduated from high school, and she was not regularly employed during the marriage. The evidence was disputed as to the wife's health and future earnings potential. At the ore tenus hearing, the wife testified that she has no job skills or training, that she has not worked since the divorce except for a few hours, and that she does not qualify for Social Security retirement benefits. Dr. Harold Wayne Cox, M.D., testified that the wife suffers from severe anxiety and depression. He also stated that because of her emotional problems and an injury to her thumb she is disabled and unable to work.
The husband presented evidence showing that the wife would be able to draw from his Social Security benefits when she reached the age of 65 or immediately if she is disabled. He also presented employment records showing that the wife had worked for several weeks during the year 2000, earning $2,349.36. Upon cross-examination, Dr. Cox admitted that he had not performed any type of psychological or psychiatric testing to aid him in his diagnosis that the wife suffered from anxiety and depression. Dr. Cox further admitted that he had not engaged in any type of vocational testing to determine the wife's degree of disability or whether she was employable. The evidence pertaining to the parties' conduct during and after the marriage was also disputed. The wife testified that the husband had had an extramarital affair during the marriage and that he had abused her verbally and physically throughout the marriage. She testified that, in 1996, he beat her so severely that he perforated her eardrum and caused a concussion. The wife also testified that in June 1999, after she had allegedly reached for a pistol in self-defense, the husband grabbed the pistol from her, causing severe ligament damage to the wife's thumb on her right hand.
The husband denied all allegations of adultery and abuse. He and another witness testified that the incident in which the wife injured her thumb occurred when the husband grabbed the gun from his wife, after she held it to his head during an unprovoked altercation between the husband and the wife on their hunting property. The husband also testified as to another incident where he believed the wife had tried to kill him by firing her rifle at him from long range. The wife denied this allegation.
The husband also alleged that the wife had been cohabitating with another man since the divorce. The husband presented the wife's electric-utility bill, which had dropped from $104 in March to $15 in April as proof that she was not living in the marital home during the month of April. The wife denied that she was living with another man. She stated that she had spent only a few nights at the man's house and that they were not intimate. The husband also testified that after their separation the wife had drawn over $1,500 on a joint line of credit and in cash advances on a credit card without his permission and had filed false insurance claims on property subsequently awarded to him in the divorce. The husband further testified that he believed that the wife had intentionally destroyed or concealed certain property that was awarded to him, including his high-school class ring, a gold watch, and an antique table.
The trial court awarded the wife $960 in monthly periodic alimony, and one-half of the husband's BellSouth 401(k) plan. The trial court also ordered that the husband name her as beneficiary on a $50,000 life insurance policy to be maintained by the *Page 1097 
husband and awarded her an automobile, various personal property and furnishings, and one-half of the proceeds from the sale of three parcels of real property, including the marital residence.
 II. Standard of Review
The standard of review an appellate court applies in reviewing a trial court's award of alimony and division of property is well established:
 "`A trial court's determination as to alimony and the division of property following an ore tenus presentation of the evidence is presumed correct. Parrish v. Parrish, 617 So.2d 1036 (Ala.Civ.App. 1993). Moreover, issues of alimony and property division must be considered together, and the trial court's judgment will not be disturbed absent a finding that it is unsupported by the evidence so as to amount to an abuse of discretion. Id.'
"Morgan v. Morgan, 686 So.2d 308, 310 (Ala.Civ.App. 1996).
. . .
 "`The trial court has wide discretion over alimony and the division of property, and it may use whatever means are reasonable and necessary to equitably divide the parties' property. Grimsley v. Grimsley, 545 So.2d 75, 77 (Ala.Civ.App. 1989). Its judgment is presumed correct and will not be reversed unless it is so unsupported by the evidence . . . as to be unjust and palpably wrong. Grimsley, 545 So.2d at 76. However, that judgment is subject to review and revision. Moody v. Moody, 641 So.2d 818, 820 (Ala.Civ.App. 1994). This Court must consider the issues of property division and alimony together when reviewing the decision of the trial court, Albertson v. Albertson, 678 So.2d 118, 120 (Ala.Civ.App. 1996), and, because the facts and circumstances of each divorce case are different, this court must also consider the particular facts and circumstances of the case being reviewed. Murphy v. Murphy, 624 So.2d 620, 623 (Ala.Civ.App. 1993).'
 "Bushnell v. Bushnell, 713 So.2d 962, 964-65 (Ala.Civ.App. 1997)."
Ex parte Drummond, 785 So.2d 358, 360-61 (Ala. 2000); see also Ala. Code 1975, § 30-2-51(a) ("If either spouse has no separate estate or if it is insufficient for the maintenance of a spouse, the judge, upon granting a divorce, at his or her discretion, may order to a spouse an allowance out of the estate of the other spouse. . . .").
 III. Analysis
"`"[P]roperty divisions are not required to be equal, but must be equitable in light of the evidence, and the determination as to what is equitable rests within the sound discretion of the trial court."'" Exparte Durbin, 818 So.2d 404, 408 (Ala. 2001) (quoting Morgan v. Morgan,686 So.2d 308, 310 (Ala.Civ.App. 1996), quoting in turn Duckett v.Duckett, 669 So.2d 195, 197 (Ala.Civ.App. 1995)).
 "When dividing marital property, a trial court should consider several factors, including the length of the marriage; the age and health of the parties; the future prospects of the parties; the source, type, and value of the property; the standard of living to which the parties have become accustomed during the marriage; and the fault of the parties contributing to the breakup of the marriage."
Golden v. Golden, 681 So.2d 605, 608 (Ala.Civ.App. 1996).
The Court of Civil Appeals has previously stated the purpose of a periodic-alimony award:
 "The purpose of periodic alimony is to support the former dependent spouse and to enable that spouse, to the extent *Page 1098 
possible, to maintain the status that the parties had enjoyed during the marriage, until the spouse is self-supporting or maintaining a status similar to the one enjoyed during the marriage."
O'Neal v. O'Neal, 678 So.2d 161, 165 (Ala.Civ.App. 1996). However, as stated above, such an award is within the trial court's discretion.
The Court of Civil Appeals noted that the wife's primary contention was that she was awarded only $46,000 of the husband's combined retirement accounts — which totaled about $250,000. That court found that award to be inequitable and further found that the $960 periodic alimony award was insufficient. The Court of Civil Appeals held:
 "After thoroughly reviewing the record in light of the factors enumerated in Golden v. Golden, 681 So.2d 605
(Ala.Civ.App. 1996), we conclude that the trial court abused its discretion in its property division and its award of periodic alimony. The parties were married for 28 years, during which time the husband accumulated a substantial pension for the common benefit of the parties. The wife has not worked outside the home, does not have a high school education, has no prospects of future employment, and has no pension plan of her own. Furthermore, to achieve the well-established purposes of awarding alimony as discussed in O'Neal v. O'Neal, 678 So.2d 161
(Ala.Civ.App. 1996), the trial court must fairly apportion the marital assets in conjunction with an equitable award of alimony. We reverse the judgment of the trial court as to the award of periodic alimony and the division of the retirement accounts and remand the cause for the entry of an equitable order consistent with this opinion."
Foley, 864 So.2d at 1093-94.
In concluding that the trial court had exceeded its discretion, the Court of Civil Appeals apparently adopted the facts as presented by the wife and appeared to place great weight upon the wife's allegations of the husband's abuse and adultery:
 "The wife testified that the husband has had several extramarital affairs during the course of the marriage and that he physically and verbally abused her throughout the marriage. He routinely called her `stupid,' `ignorant,' and `worthless.' She related several specific incidents of physical abuse, including one that occurred in 1996, when he beat her so severely that he perforated her eardrum and caused a concussion. She also testified that in June 1999, while they were visiting their hunting property, the husband threatened to beat `the h--- out of [her].' When she reached for her pistol in self-defense, he grabbed it from her, and injured her thumb.
 "Dr. Harold Wayne Cox testified that he began treating the wife in 1992. He stated that he had treated her for injuries related to spousal abuse. He testified that the wife suffers from severe anxiety and depression. He also stated that because of her emotional problems and her permanent thumb injury she is unable to work. The wife testified that she needed at least $2,000 per month in alimony to support herself."
Foley, 864 So.2d at 1093. The opinion of the Court of Civil Appeals does not mention that the evidence of the husband's abuse and adultery and the wife's disability and need was hotly disputed before the trial court. Nor does the opinion mention any of the alleged misconduct of the wife.
The Court of Civil Appeals and this Court are "`authorized to disturb the trial court's decision only if it is unsupported by the evidence and, therefore, is unjust and palpably wrong.'" Durbin, *Page 1099 
818 So.2d at 409 (quoting Grimsley v. Grimsley, 545 So.2d 75, 76 (Ala.Civ.App. 1989)).
 "`It is also well established that in the absence of specific findings of fact, appellate courts will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous.'"
Ex parte H.H., 830 So.2d 21, 25 (Ala. 2002) (quoting Ex parte Bryowsky,676 So.2d 1322, 1324 (Ala. 1996)). Furthermore, an appellate court may not substitute its judgment for that of the trial court. Durbin, 818 So.2d at 409. To do so would be to reweigh the evidence, which Alabama law does not allow. Ex parte H.H., 830 So.2d at 25-26.
We conclude that the trial court did not exceed the limits of its discretion in its award of alimony or its division of property. The trial court awarded the wife a substantial portion of the marital property and $960 in monthly periodic alimony. Based on our review of the record, we cannot say that this judgment was plainly or palpably wrong.
Furthermore, the Court of Civil Appeals, in finding that the trial court's award of alimony and property was inequitable, appeared to place great weight on the disputed allegations of the husband's abuse, without acknowledging testimony to the contrary. Likewise, the Court of Civil Appeals acknowledged only the wife's evidence pertaining to her inability to work and support herself. In doing so, the Court of Civil Appeals impermissibly reweighed the evidence. See Ex parte H.H., 830 So.2d at 25-26.
 IV. Conclusion
After reviewing the record, we conclude that the trial court's award of alimony and its division of property was not plainly or palpably wrong. Therefore, we reverse the judgment of the Court of Civil Appeals, and remand the case for the Court of Civil Appeals to reinstate the judgment of the trial court.
REVERSED AND REMANDED WITH DIRECTIONS.
MOORE, C.J., and SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
WOODALL, J., dissents.