THOMAS, Judge,
concurring in part and dissenting in part.
I concur insofar as the main opinion affirms the trial court’s determination that the wife was not entitled to discover the cellular-telephone records of the husband and insofar as it affirms the trial court’s determination that the wife was capable of *134 being gainfully employed. I dissent insofar as the main opinion reverses the portion of the trial court’s judgment dividing the marital property and determining the husband’s alimony obligation.
The trial court was confronted with widely disparate testimony regarding the husband’s income and the parties’ living expenses. Faced with the difficult task of reconciling that testimony, the trial court was required to determine the credibility of the husband and the wife as witnesses and to determine what weight to give the evidence and their respective testimony. It is not this court’s function to determine the credibility of witnesses or the weight to give evidence.
“The Alabama Supreme Court has stated that ‘the law is settled that weighing evidence is not the usual function of an appellate court. This is especially true where ... the assessment of the credibility of witnesses is involved.’ Knight v. Beverly Health Care Bay Manor Health Care Ctr., 820 So.2d 92, 102 (Ala.2001) (citation omitted). Accordingly, appellate courts in this state generally do not review evidence in order to make factual conclusions; instead, they review judgments in order to determine whether the trial court committed reversible error.”
J.C. v. State Dep’t of Human Res., 986 So.2d 1172, 1184 (Ala.Civ.App.2007).
The trial court’s finding that the wife’s testimony regarding the parties’ living expenses amounted to “speculation and conjecture” was not, as the main opinion asserts, a finding that the trial court thought it was precluded from considering lifestyle evidence; rather, it was a finding that the wife’s testimony on the subject was not credible and should be given little weight, a determination that the trial court was entitled to make. See J.C., 986 So.2d at 1184.
Likewise, the trial court’s findings regarding the husband’s reported income do not indicate, as the main opinion asserts, that the trial court impermissibly relied on the husband’s Social Security statement. Although the trial court included information in its findings of fact regarding the income listed on the husband’s Social Security statement, it appears that the trial court included that information, along with the parties’ tax-return information, to illustrate that the parties’ reported income did not agree with the evidence and testimony of the wife regarding the parties’ lifestyle. The trial court’s judgment does not make a determination that the husband’s income equaled the income on the Social Security statement or the parties’ tax returns; it only recites the disparity of the testimony and evidence on the subject. The trial court did not expressly state what it found to be the actual income of the husband, and it was not required to so state. Because the main opinion reverses the trial court’s judgment based on findings of fact that the trial court did not actually make, I disagree with the main opinion’s conclusion on this issue.[3]
*135 I further disagree with the main opinion that the trial court necessarily erred when it noted that the husband was 63 years old and then stated that “the court cannot make a spouse work more than he or she likely would have worked had the parties stayed married.” When considering an award of alimony, the trial court is allowed to consider, among other factors, the age of the parties and their future employment prospects. See Clements v. Clements, 990 So.2d 383, 390 (Ala.Civ.App.2007). Therefore, I do not believe that it was error for the trial court to consider the fact that the husband was nearing the end of his working life.
The ultimate question we are faced with in this case is whether the trial court exceeded its discretion in determining the division of the parties’ marital property and in determining the husband’s alimony obligation. In deciding that question, we may not substitute our judgment for that of the trial court or determine what weight the trial court should have given to certain evidence. “The trial court must be allowed to be the trial court; otherwise, we (appellate court judges and justices) risk going beyond the familiar surroundings of our appellate jurisdiction and into an area with which we are unfamiliar and for which we are ill-suited — factfinding.” Ex parte R.T.S., 771 So.2d 475, 477 (Ala.2000). I also note that, “even though this court might have reached a different decision than that reached by the trial court, such does not constitute a basis for our reversal of the trial court which heard the evidence and observed the witnesses.” Grimsley v. Grimsley, 545 So.2d 75, 77 (Ala.Civ.App.1989). Because, I discern no error on the part of the trial court in dividing the marital property or in determining the husband’s alimony obligation, I would affirm the judgment of the trial court in its entirety.

. The main opinion acknowledges that the trial court did not make any finding of fact regarding the husband's actual income; however, the main opinion then states that we should read an implicit finding into the trial court's judgment so that this court may then reverse the trial court’s judgment insofar as it is based on that implied finding. Two well-established principles militate against this court’s implying a finding of fact and' then reversing the trial court’s judgment based on that implied finding. First, when a trial court does not make any specific findings of fact on an issue, we "will assume that the trial court made those findings necessary to support its judgment.” Key v. Allison, 70 So.3d 277, 281 (Ala.2010). See also Transamerica Commercial Fin. Corp. v. AmSouth Bank, N.A., 608 So.2d 375, 378 (Ala.1992) (“Under the ore tenus rule, the trial court’s judgment and all *135 implicit findings necessary to support it carry a presumption of correctness.... ”). Second, when confronted with a judgment that contains an ambiguity, we should interpret the judgment in a way that upholds the judgment rather than in a way that allows for reversal. See Eastis v. Veterans Oil, Inc., 65 So.3d 443, 448 (Ala.Civ.App.2010) (holding that, ”[f]ol-lowing our well established rules of judicial interpretation, any ambiguity that may be present in ... the trial court’s judgment should be read in a way that upholds, rather than destroys, the trial court’s judgment”). Therefore, we should not read a finding of fact into the trial court's judgment that causes the judgment to become reversible.