WISE, Justice
(dissenting).
I respectfully dissent from the majority’s decision to affirm the Court of Civil Appeals’ judgment holding that the trial court erred in concluding that the mother failed to meet her burden of rebutting the § 30-3-169.4 presumption that the move to South Carolina was not in the child’s best interest.
In this case, the trial court explained specifically why it found that the mother had not rebutted the presumption that a change in the child’s principal residence was not in the child’s best interest. First, the child’s closest relatives, including his father, paternal grandparents, maternal grandparents, and step-grandparents, reside in Lawrence County, Alabama. Second, the “move does not allow for a feasible and suitable visitation schedule,” and the parties have already experienced disputes regarding visitation. Although the mother testified that she intended to encourage the child to have a relationship with the father, her actions obviously spoke more loudly than her words to the trial court, which noted:
“This Court cannot fathom why this mother would not want her child, that lives some 400 miles away from his father, to have visitation with him when she comes to Lawrence County, other than to be spiteful and hurtful to [the father]. On two separate occasions on October 29, 2011, and December 16, 2011, [the mother] was in town and did not offer nor even suggest to [the father] that he could see his child. Although the child was here from February 19, 2012, until February 26, 2012, [the mother] afforded [the father] a mere one hour of visitation. Such action is uncalled for and is further proof to *1013 this court that [the mother] has no intention of fostering and facilitating a necessary father/son relationship. This court does not believe that [the mother] will comply with any new visitation arrangement nor is she disposed to foster a joint parenting arrangement with [the father].”
Third, as the trial court specifically pointed out:
“This Court is aware that this order will create a hardship bn [the mother]. However, it is a hardship partially of her own creation. In advance of her wedding she was aware of [the] existence of this relocation language in [the previous trial court judge’s] order. [The mother] was also aware of this possibility once the objection was filed by [the father].”
In this case, the record supports the trial court’s finding that a change in the child’s principal residence was not in the child’s best interest, and I agree with that court’s assessment.
“ ‘Our standard of review is well settled. A trial court’s judgment based on ore tenus evidence will be presumed correct and will not be reversed on appeal absent a showing that the trial court acted outside its discretion or that the judgment is unsupported by the evidence so as to be plainly and palpably wrong. Scholl v. Parsons, 655 So.2d 1060, 1062 (Ala.Civ.App.1995). However, when an appellate court is presented with an issue of law, we review the judgment of the trial court as to that issue de novo. Ex parte Perkins, 646 So.2d 46 (Ala.1994).”
Henderson v. Henderson, 978 So.2d 86, 39 (Ala.Civ.App.2007). Instead of applying that standard of review, it appears to me that the Court of Civil Appeals improperly reweighed the evidence when it found in favor of the mother. However, “an appellate court may not substitute its judgment for that of the trial court. [Ex parte ] Durbin, 818 So.2d [404,] 409 [ (Ala.2001) ]. To do so would be to reweigh the evidence, which Alabama law does not allow. Ex parte H.H., 880 So.2d [21,] 25-26 [(Ala. 2002) ].” See Ex parte Foley, 864 So.2d 1094, 1099 (Ala.2003). Accordingly, I would affirm the trial court’s judgment denying the mother’s request for a change in the child’s principal residence. Therefore, I respectfully dissent.
MOORE, C.J., concurs.